<hr />

## Commonwealth, Appellant, *v.* Ralston.

*Appeals—Summary conviction—Discretion—Petition.*

Where a petition for an appeal from a summary conviction is sufficient on its face to give the court jurisdiction, it will be presumed on appeal to the Superior Court, in the absence of anything to show the contrary, that the action of the court of quarter sessions, in allowing the appeal, was not arbitrary, but was the exercise of a sound legal discretion in view of all the facts and circumstances properly within its cognizance.

Argued Oct. 23, 1905.   Appeal, No. 36, Oct. T., 1905, by plaintiff, from order of Q. S. Huntingdon Co., Dec. T., 1904, allowing appeal from summary conviction in case of Commonwealth v. Joel Ralston.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for an allowance of an appeal from summary conviction.

The petition was as follows:

" Your petitioner would respectfully represent : That on No-

vember 19, 1904, he, Joel Ralston, was convicted for obstructing the Raystown Branch, a navigable stream in Penn township, this county, and also for operating an illegal fish basket in said stream, and that he verily believes that injustice has been done him, in that there was not one particle of evidence to show that he ever obstructed the said stream or operated any fish basket in said stream.

"Your petitioner would further represent that he was fined the sum of $75.00 and the cost, amounting in all to $86.61, which fine and cost he paid under protest to the justice of the peace, James Kelly.

"Your petitioner would therefore pray your honor for leave to take an appeal, so that the matter might be brought before your honor in the court of quarter sessions of this county, where he will receive justice at your honor's hand, and he will ever pray."

Other facts appear by the opinion of the Superior Court.

*Errors assigned* were orders allowing the appeal and overruling motion to quash.

*Samuel I. Spyker* and *Richard W. Williamson*, for appellant.

No appearance nor paper-book for appellee.

PER CURIAM, November 20, 1905:

This case came into the court below by appeal allowed by the president judge from a summary conviction of the defendant before a justice of the peace for violations of certain provisions of the Act of May 29, 1901, P. L. 302, relative to fishing. After hearing, the court discharged the defendant, from which it is fairly to be inferred that the court deemed the evidence adduced before it insufficient to sustain the charge. At any rate, no complaint is made of the final judgment; the only matters assigned for error being the allowance of the appeal, and the order overruling the appellant's motion to quash the appeal. We need express no opinion as to whether such action is ever assignable for error, where after due hearing the defendant has been acquitted of the charge, for upon looking into the sworn petition upon which the appeal in the present case was allowed,

we find that it was distinctly alleged, as a reason why the conviction was unjust and ought not to stand, that there was not one particle of evidence to show that the defendant committed the unlawful acts complained of. We cannot say that the petition was so defective in form or substance that the court ought not to have entertained it. Nor do we say that the court was bound to take its allegation for verity and grant the appeal without further investigation. What we decide is, that it was sufficient to give the court jurisdiction to act in the premises, and this being so, it is to be presumed on appeal, in the absence of anything to show the contrary, that its action in allowing the appeal was not arbitrary, but was the exercise of a sound legal discretion in view of all the facts and circumstances properly within its cognizance. In support of this conclusion we refer to the cases cited in our opinion in Commonwealth v. Yocum, post, 428, filed herewith.

The judgment is affirmed.