# Commonwealth, Appellant, *v.* Luckey.

*Constitutional law—Summary convictions—Appeals—Act of April* 22, 1905, *P. L.* 284.

The Act of April 22, 1905, P. L. 284, entitled "An Act to amend an Act entitled 'An Act relating to appeals in cases of summary convictions,' approved the 17th day of April, A. D. 1876, providing for the entering of security on appeal on summary conviction," is unconstitutional because (1) it violates article V, section 14, of the constitution, inasmuch as it deprives the appellate court from allowing or refusing an appeal in cases of summary conviction; and (2) because it violates article III, section 3, in not clearly expressing in its title the provision depriving the appellate court of its discretion in the allowance or refusal of appeals in cases of summary conviction.

*Appeals—Interlocutory order—Quashing appeal.*

Where the defendant in a summary conviction takes an appeal under the act of April 22, 1905, but subsequently petitions the court of quarter sessions for the allowance of an appeal nunc pro tunc under the Act of April 17, 1876, P. L. 29, and this application remains undisposed of, an appeal subsequently taken by the commonwealth, from an order refusing to strike off defendant's appeal, will be quashed as an interlocutory order from which no appeal lies.

Argued April 9, 1906. Appeal, No. 6, Jan. T., 1906, by plaintiff, from order of Q. S. Monroe Co., Dec. T., 1905, No. 15, discharging rule to strike off appeal in case of Commonwealth v. T. B. Luckey. Before RICE, P. J., PORTER, HENDERSON, MORRISON, and HEAD, JJ. Appeal quashed.

Rule to strike off appeal. Before STAPLES, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*A. Mitchell Palmer*, with him *Claude C. Shull*, district attorney, for appellant.

*R. L. Burnett*, for appellee, filed no printed brief.

OPINION BY PORTER, J., October 5, 1906 :

The defendant was, in a summary proceeding before a justice of the peace, tried and, on October 24, 1905, convicted and fined for maintaining and operating an unlawful device for the taking of fish.   He, on October 28, 1905, entered into a recognizance for his appearance at the next court of quarter sessions of Monroe county, and on October 31, 1905, the transcript of the record of the justice of the peace was filed in the office of the clerk of said court.   The defendant, on November 11, 1905, presented his petition to the court of quarter sessions of Monroe county setting forth his summary conviction before the justice on October 24, that he had on October 28, 1905, entered into his recognizance with surety, before the justice of the peace, for his appearance at the next court of quarter sessions, and that his appeal from the sentence was perfected under the provisions of the Act of April 22, 1905, P. L. 284, which he was then advised and believed was the proper procedure; that since the taking of the said appeal the petitioner was advised that there was serious doubt as to the constitutionality of the aforesaid act, and he therefore prayed the court to allow him, for the above reason, to take an appeal in the said case and file the same in the said court of quarter sessions, with the same force and effect as if the said appeal had been taken within five days from the date of said conviction, as provided by the Act of April 17, 1876, P. L. 29.   This petition did not allege any circumstance to indicate oppression, corruption or disregard of law on the part of the magistrate, nor that there was any irregularity in the proceedings, nor did it aver that the defendant was not guilty; it did not, in other words, attempt to show cause why the appeal should be allowed. The court granted a rule to show cause why the appeal should not be allowed nunc pro tunc, which rule remains undisposed of.   The commonwealth, on January 20, 1906, presented a petition averring the regularity of the proceedings before the justice, and moved the court to strike off the appeal upon the ground that the Act of April 22, 1905, P. L. 284, is unconstitutional, and that the appeal of the defendant had not been allowed by the court of quarter sessions, for cause shown, as required by article V, section 14, of the constitution of the state of Pennsylvania.   The court granted a rule on the defendant to show

cause why the appeal should not be stricken off, which rule the court, on January 29, discharged. The commonwealth appeals from the order to strike off the appeal.

The opinion filed by the learned judge of the court below, on discharging the rule to strike off the appeal, puts this action upon the ground that the act of 1905 is constitutional, and that under its provisions the defendant in any case of summary conviction is now entitled to an appeal as a matter of right, without allowance by the court of quarter sessions. The reasons which he gives in support of this conclusion may thus be briefly stated in his own language: " The provision of the constitution for an appeal in cases of summary conviction as above stated, had for its purpose the protection of the right under and subject to special regulations, and cannot in any sense be considered a restriction or prohibition on the legislature from enlarging such right. . . . The intention of the act was to give to every defendant convicted in an action of summary conviction, the right of trial in the court of quarter sessions of the peace, as of course, and not simply when allowed by the appellate court. It had this power." The opinion of the learned judge as to the intention and effect of the act of assembly is certainly correct, if that act is valid. We cannot, however, assent to his view of the purpose, force and effect of the constitutional provision.

A constitution is a plan or frame of government, which lays down certain fundamental principles, according to which the several departments it calls into existence are to govern the people; all auxiliary rules which are necessary to give effect to these principles must of necessity come from the legislature: Commonwealth v. Maxwell, 27 Pa. 444. The constitution defines the powers intrusted to and the duties imposed upon the several branches of the state government. The provision of the constitution now in question, article V, section 14, is in these words: " In all cases of summary conviction in this commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof, upon cause shown." This section is embodied in the article which refers to the judicial power and the organization of the courts of the common-

wealth, and this particular provision relates to judicial proce-
dure in a certain class of cases.   Prior to the adoption of the
present constitution there were many cases in which an appeal
was by law allowed in actions for penalties, but there were
also many in which the judgment of the justice, whether upon
a summary conviction or an action for a penalty, was final.
This want of uniformity in the manner of enforcing penal stat-
utes and ordinances attracted the attention of the constitu-
tional convention and led to the adoption of the provision in
question. . The convention, subject to the approval of the
people, might have granted the appeal as a matter of right,
and designated the court to which it should be taken, or it
might have provided that neither party should have the right
to appeal in such cases; but it did neither of these things.
What it did do was to provide that either party may appeal,
subject to certain express regulations and restrictions.   The
section expressly gave to the legislative branch of the govern-
ment the power to designate the courts to which appeals might
be taken by either party in this class of cases, and inferen-
tially it imposed upon that branch of the government the
duty to so designate the courts ; but it at the same time vested
the power to allow the appeal in the court, and upon the judi-
ciary it imposed the duty of inquiring into the sufficiency of
the cause shown.   The constitution in express terms makes the
question whether an appeal shall be allowed, from the judg-
ment of a court not of record, in any particular case of sum-
mary-conviction, or action for a penalty, a judicial one to be de-
termined by the court to which the appeal lies.   If the position
of the learned judge of the court below could be sustained, and
it should be held that the constitution simply granted to par-
ties a restricted right of appeal, leaving the legislature free to
strike down the restrictions, and " enlarge the right," then in
all those cases, of actions for penalties, in which an appeal was
allowed prior to the adoption of the constitution, that right
would remain unaffected by the constitutional provision, for
there would be no inconsistency between the constitutional
provision and the earlier statute.   That question has, however,
been squarely decided the other way.   In all those cases,
within the classes referred to by the constitutional provision,
in which an appeal had been allowed by pre-existing laws, the

effect was to deprive the parties of an appeal as a matter of. right, and make it dependent upon allowance by the appellate court: McGuire v. Shenandoah, 109 Pa. 613 ; Commonwealth v. Eichenberg, 140 Pa. 158; Commonwealth v. McCann, 174 Pa. 19; Commonwealth v. Menjou, 174 Pa. 25. In those cases in which an appeal had been allowed by law prior to the constitution, as the court to which the appeal should be taken had already been designated by law, the party who by force of the constitutional provision had ceased to be entitled to an appeal as a matter of right, might under the provisions of the constitution have applied to the proper appellate court and shown cause for the allowance of his appeal. We are not dealing with the power of the legislature to change the mode of trial in the appellate court after an appeal has by that court been allowed, upon cause shown, from a court not of record. The constitutional provision in question deals only with the right of one who desires to appeal, to take his case into the appellate court, without showing cause, and without an allowance of the appeal by the appellate court. The pre-existing laws. granting the right of appeal without an allowance by the appellate court having been held to be inconsistent with the provisions of this section of the constitution, it necessarily follows that the Act of April 22, 1905, P. L. 284, is also inconsistent with the constitutional provision, and for that reason invalid.

The act of 1905 offends, also, against article III, section 3, of the constitution : " No bill except general appropriation bills shall be passed, containing more than one subject, which shall be clearly expressed in its title." The title of the act is " An act to amend an act, entitled ' An act relating to appeals in cases of summary conviction,' approved April 17, 1876, providing for the entering of security on appeal on summary conviction." The act of 1876 had been designed to carry into effect the provisions of the constitution; it designated the court of quarter sessions as that to which appeals should be taken in summary conviction, " upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown ; " that act strictly complied with the provisions of the constitution, and made the appeal subject to allowance by the appellate court. The act of 1905 provided : " That in all cases of summary conviction in this commonwealth, before a magistrate or

.court not of record, the defendant may, within five days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside, or court not of record shall be held, upon entering into good and .sufficient recognizance, with one or more sureties, to answer said complaint, on a charge of misdemeanor, before said court." This act, which instead of designating the court to which either party might appeal, upon allowance of the appeal by the appellate court, upon cause shown, took away from the commonwealth all right of appeal, and attempted to take away from the court the power conferred upon it by the constitution to pass upon the sufficiency of the cause shown, and allow or refuse the appeal. There was nothing in the title of the act that could have suggested that any of these things was within the purpose and effect of the proposed legislation. The act of 1905 being entitled an act to amend the act of 1876, relating to appeals in cases of summary conviction, gave notice of its general purpose, but when it went on to declare that it was an amendment " providing for the entering of security on appeal on summary convictions," it limited the notice to that particular feature of the subject, and diverted attention from the matters included within the body of the statute. As to it the title was not only defective, but misleading. That such a title fails to comply with the constitutional requirement, and that the legislation is invalid is too clear for controversy: Philadelphia v. Market Company, 161 Pa. 522 ; Commonwealth v. Samuels, 163 Pa. 283 ; Dailey v. Potter County, 203 Pa. 593 ; Road in Otto Township, 2 Pa. Superior Ct. 20.

The appellee has moved to quash this appeal upon the ground that the order appealed from is interlocutory, and that from it no appeal lies to this court. If the transcript had simply been filed in the court below, showing an appeal taken by the defendant before the justice, and the commonwealth, without anything else upon the record, had moved to strike it off, we would have been inclined to overrule the motion to quash and reverse the order of the court below; for upon such a record nothing further could have lawfully been done in the court below, the appeal not having been allowed by the court. The record in the case shows, however, that the defendant several months before the commonwealth moved to strike off this appeal had

presented his petition to the court below for the allowance of an appeal, nunc pro tunc, the court granted a rule on the commonwealth to show cause why the appeal should not be so allowed, and that rule remains undisposed of. Whether the petition of the defendant shows sufficient cause for the allowance of the appeal from the judgment of the justice, and whether the court below has power and would, under the circumstances, be justified in allowing the appeal nunc pro tunc, are questions still pending. When those questions have been disposed of and a final judgment reached, and not till then, the entire proceeding, including the action of the court upon the petition of the defendant, can be reviewed in the manner indicated by this court in Thompson v. Preston, 5 Pa. Superior Ct. 154; Commonwealth v. Hendley, 7 Pa. Superior Ct. 356; Commonwealth v. Yocum, 29 Pa. Superior Ct. 428; Commonwealth v. Ralston, 29 Pa. Superior Ct. 426. The record as presented does not show a final judgment, and the motion to quash must prevail: Yost v. Davison, 5 Pa. Superior Ct. 469; Anderson v. McMichael, 6 Pa. Superior Ct. 114; Drum v. Uplinger, 9 Pa. Superior Ct. 404; Rieseck v. Lanahan, 10 Pa. Superior Ct. 281; Wooden Ware Company v. Howe, 164 Pa. 85.

The appeal is quashed at the costs of the appellant.