## Commonwealth, Appellant, *v.* Long.

*Appeals—Allowance of appeals—Summary conviction in County Court of Allegheny County—Minor's Labor Act of May 13, 1915, P. L. 286.*

Where a summary conviction under the minor's labor law of May 13, 1915, P. L. 286, before a magistrate, is reversed by a judgment of the County Court of Allegheny County, no appeal can be taken whatever from such judgment to the Superior Court, and none to the Supreme Court, unless the latter court specially allows it.

Argued Oct. 12, 1922. Appeal, No. 127, Oct. T., 1922, by plaintiff, from judgment of County Court of Allegheny County, No. 1283 of 1921, reversing summary conviction before magistrate, in case of Commonwealth v. John W. Long. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeal quashed.

Appeal from summary conviction.  Before SNELL, J.
The opinion of the Supreme Court states the facts.
Judgment reversed.  Commonwealth appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Wm. F. Knox* of *Moorhead & Knox,* with him *E. W.
Smith,* for appellant.

*H. V. Blaxter* and *J. Henry O'Neill,* for appellee, were
not heard.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

The Children's Service Bureau complained before a
police magistrate of a violation by defendant Long of the
labor law (Act May 13, 1915, P. L. 286), in that two
minors, under the age of fourteen, residents of the State
of New York, had been employed as vaudeville per-
formers in a Pittsburgh theatre.  The proceeding, sum-
mary in its character, was instituted at the instance of
an officer of the society, and resulted in the fining of
defendant, who was given permission to remove the rec-
ord to the county court, and the charge was heard there
de novo.  Facts, either agreed upon or the subject of tes-
timony, were considered by the judge presiding, without
a jury, and the conclusion reached that the children were
not "working," within the meaning of the labor law, and
the judgment was reversed.  Without special leave, the
plaintiff,—nominally the Commonwealth of Pennsyl-
vania,—appealed to this court, asking a review of the
ruling made below, and our duty to pass upon the ques-
tions raised, under such circumstances, must now be de-
termined.

In Allegheny County there is a special court, created
in 1911 (Act May 5, P. L. 198, amended April 2, 1913, P.
L. 17, and April 9, 1915, P. L. 48), with jurisdiction over
certain named, but minor, matters, its judgments in civil
suits and penal actions being subject to reëxamination

by the common pleas: Com. v. Atlantic Refining Co., 67
Pa. Superior Ct. 551. No provision was made, however,
for revision by the latter in case of summary conviction
under law or ordinance, and it is now insisted that this
must be secured by direct appeal here. The Superior
Court is eliminated from consideration as a reviewing
body, since its powers are limited to those expressly con-
ferred by act of assembly. Though appeals must be
taken there from judgments and final decrees in the com-
mon pleas and orphans' court, where the amount in-
volved is less than $1,500, and in all criminal cases, ex-
cept felonious homicide, yet no express power is given to
supervise in a case such as is now before us. The result
is that no appeal will lie there (Pittsburgh v. Pierce, 69
Pa. Superior Ct. 520; Com. v. Speer, 267 Pa. 129; Du-
quesne City v. Fincke, 269 Pa. 112), and a party ag-
grieved, having no statutory right to remove the record
to the common pleas, is without relief, if wrong has been
done in this class of proceedings, unless it be granted in
the Supreme Court.

This makes necessary some reference to the powers and
duties of our tribunal. The rights possessed by the
King's Bench were given it by the Act of May 22, 1722
(1 Smith's Laws 139), extended in 1791 (April 13, 3
Smith's Laws 30), and again in 1836 (Act June 16, 1836,
P. L. 785), and, when the Constitution of 1874 was
adopted, its original and appellate jurisdiction was de-
fined therein. Art. V, sec. 3. A review of this legislation
would be without profit in light of the careful discussion
found in the oft-cited case of Com. v. Balph, 111 Pa. 365,
371, and the many authorities following: Com. v. Smith,
185 Pa. 553; Quay's Petition, 189 Pa. 517. The power to
supervise the orders of lower courts, whether before or
after judgment, if such course is deemed necessary, has
been clearly fixed. But that is not the real question here.
Can an appeal be secured by one who believes himself
aggrieved, without satisfying the members of this court,
or one of them, that the ruling of which complaint is

made requires further investigation than has been given below, where no statute grants this right as of course?

By examining the early legislation, we find an express provision in section 7 of the Act of 1791, already referred to, that neither writ of certiorari nor of error could be issued without special allowance of the Supreme Court, or one of the justices thereof. Though this clause was not included in the act of 1836,—it was repeated in the Criminal Procedure Act of 1860, which followed, —the necessity of securing such consent remained: Com. v. McGinnis, 2 Whart. 113; Com. v. Balph, supra; Wallace v. Jameson, 179 Pa. 94. Since that time, many statutes have been passed allowing the record to be removed as a matter of right, and this is generally true in civil cases whenever a party feels injured by an adverse judgment entered against him.

Where the proceeding is of a criminal nature, the privilege was first conferred on a defendant when convicted of felonious homicide (Act of February 15, 1870, P. L. 15), and, later, in all cases from sentences imposed after conviction for other offenses indictable in the quarter sessions and oyer and terminer, the Superior Court being directed to review. The right of the Commonwealth—here the nominal party—to appeal was extended somewhat earlier (Act March 31, 1860, P. L. 439), in the permission granted to remove the record with consent of the attorney general (Schoeppe v. Com., 65 Pa. 51), and, therefore, it was held, in those matters where exceptions could be taken, as in forcible entry and detainer, or nuisance, indictment quashed or demurrer sustained, his deputy, the district attorney of a county, could sue out the necessary writ without special permission: Com. v. Capp, 48 Pa. 53; Com. v. Wallace, 114 Pa. 405. But a very different situation is found here.

The act involved in the present case directs prosecutions for violations shall be "in the form of summary criminal proceedings,"—not a charge of an indictable offense which the State carries on through a duly elected

representative,—but brought in the name of the Commonwealth to collect a fine, though a term of imprisonment might follow a finding of guilt. The Act of April 17, 1876, P. L. 29, passed to enforce the provision of the Constitution of 1874 (Art. V, sec. 14), expressly provided for such cases, when it said: "In all cases of summary conviction in this Commonwealth before a magistrate or court not of record, either party may, within five days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside, or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court or any judge thereof, upon cause shown: Provided, That all appeals from summary conviction and judgments for penalties shall be upon such terms as to payment of costs and entering bail as the court or judge allowing the appeal shall direct."

It will be noted that an allowance is necessary by the appropriate lower court, no matter which party feels aggrieved. This requirement is again found in the act passed to aid in the enforcement of the provision quoted (Act April 17, 1876, P. L. 29, amended July 11, 1917, P. L. 771; see Com. v. Kephart, 39 Pa. Superior Ct. 524), and a subsequent attempt of the legislature (Act April 27, 1905, P. L. 291) to permit an appeal without special leave was held unconstitutional: Com. v. Luckey, 31 Pa. Superior Ct. 441. Nor is the appellant aided, if we call this a common law writ of certiorari, for under it the record is reviewed solely for the purpose of ascertaining whether or not the court below has exceeded its jurisdiction or infringed on the constitutional rights of appellant, and neither of these matters is alleged here.

Though in certain matters the State, through its proper law officers, was given the power to direct appeals without allowance, when indictable offenses were involved, though no request to so proceed was preliminarily made,—such consent is no longer required in the ordinary case by either Commonwealth or defendant where the right of review has been expressly granted, as already noted,—yet the mere fact that, of necessity, it is made a party in a summary proceeding, cannot extend the right to remove a record in such a case as is now before us. If leave to appeal must be secured from a lower court, there is more reason why this should be required here, to prevent undue congestion by the hearing of trivial matters. Of course, where the interests of either the public or an individual apparently demand a reëxamination of a judgment of the county court, an appropriate order will be made, but we cannot find any law in Pennsylvania which withdraws from us the exercise of a legal discretion in determining the wisdom of granting the request. In Duquesne City v. Fincke, supra, the question was not discussed, and in Pittsburgh v. Pierce, supra, now relied on by the petitioner, it was expressly stated (p. 525): "An appeal to the Supreme Court, in cases of the character of that with which we are now dealing, is not of right; in order that such cases may be reviewed by that tribunal, a writ of certiorari must be allowed by the court or a judge thereof."

From what has been said, it follows that the present appeal, not having been brought here as directed by law, should be quashed. Since argument, a special allocatur, nunc pro tunc, has been requested. We do not find in the petition, however, anything calling upon us to exercise this power at the present time.

The appeal is quashed, and the petition is dismissed at the costs of the petitioner.