## Commonwealth *v.* Climenti, Appellant.

*Criminal law—Billiard and pool room law—Act of July 17, 1917, P. L. 1037—Summary convictions—Article V, Sec. 14 of the Pennsylvania Constitution—Appeals—Discretion of court—Review.*

The allowance of an appeal from a summary conviction before a Justice of the Peace, of a violation of the Act of July 17, 1917, P. L. 1037, relative to the conduct of pool rooms, is within the discretion of the court of quarter sessions.

Such an appeal operates as a certiorari, and the order of the court below refusing an appeal, will be reversed only for a clear abuse of discretion.

The provisions of the Act include employees as well as patrons or frequenters of pool rooms, and it is unlawful to permit the presence of minors under the age of eighteen in any capacity.

Argued October 4, 1926. Appeal No. 37, April T., 1927, by defendant, from order of Q. S. Butler County,

**196** COMMONWEALTH *v.* CLIMENTI, Appellant.

June T., 1926, Ms. D. No. 1, in the case of Commonwealth of Pennsylvania v. Sam Climenti. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Petition for the allowance of an appeal from a summary conviction before a Justice of the Peace of a violation of the billiard and pool room laws. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Defendant appealed.

*Error assigned* was the order of the court.

*M. S. Musmanno,* for appellant.

*Thomas W. Watson,* for appellee.

OPINION BY KELLER, J., November 17, 1926:

The appellant, Sam Climenti, is the licensed proprietor of a public billiard and pool room and bowling alley in the borough of Zelienople. He was charged with violating the provisions of the Act of July 17, 1917, P. L. 1037, which forbids any such proprietor knowingly permitting any person under the age of eighteen years to be present in his billiard and pool room or bowling saloon; and upon a hearing had before a justice of the peace he was convicted and fined $25, "by process of summary conviction," as provided in said act. He applied by petition to the Court of Quarter Sessions of Butler County for the allowance of an appeal,—in accordance with Art. V, sec. 14 of the Constitution, and the Act of April 17, 1876, P. L. 29, as amended by Act of July 11, 1917, P. L. 771—but was refused an appeal. He appeals to this court from

the refusal of the Court of Quarter Sessions to allow such appeal.

The Constitution provides, supra, that appeals may be had from summary convictions and judgments in suits for a penalty before a magistrate or court not of record only upon allowance of such court of record as may be prescribed by law, upon cause shown. It was not intended that appeals, in the technical sense, which could not be taken to a court of quarter sessions except upon allowance for cause shown, should lie to this court as of right. Hence the decisions are uniform that such an appeal operates only as a certiorari and that the order of the court below refusing an appeal will be reversed only for a clear abuse of discretion: Thompson v. Preston, 5 Pa. Superior Ct. 154; Com. v. Hendley, 7 Pa. Superior Ct. 356; Com. v. Ralston, 29 Pa. Superior Ct. 426; Com. v. Spotts, 45 Pa. Superior Ct. 100.

We are not satisfied that such an abuse of discretion was present in this case. It was not alleged in the petition that the justice of the peace who heard the case had been guilty of oppression or corruption or had refused the defendant a fair hearing; and the legal question raised by the appellant concerning the interpretation of the Act of 1917, supra, was fully considered and passed upon by the court below. We agree with that court that the plain provisions of the Act of 1917 are applicable to the case at hand, and include employees of public pool and billiard rooms and bowling saloons, no less than mere frequenters of such places.

The order is affirmed.