## Commonwealth v. Milliren.

*Justice of the peace—Summary proceedings—Preliminary hearing—Automobiles—Acts of June 30, 1919, and June 14, 1923.*

1. A defendant is not entitled to a preliminary hearing before a justice of the peace when he has taken advantage of the provisions of the Automobile Act of June 14, 1923, P. L. 718, amending the Act of June 30, 1919, P. L. 678, by giving a bond for appearance in the Quarter Sessions.

2. In such case, the Court of Quarter Sessions will hear the case as a summary proceeding *in banc*, and not by way of indictment and trial by jury.

3. *Semble.* A defendant may refuse to give the bond and elect to have the preliminary hearing before the justice of the peace; the purpose of the legislation is to give the defendant the election of his trier.

Petition for declaratory judgment. Q. S. Clearfield Co., Sept. Sess., 1927, No. 129.

*A. L. Edwards*, District Attorney, for Commonwealth.

*Arnold & Platt*, for defendant.

CHASE, P. J., Aug. 19, 1927.—This issue is before the court on petition of A. L. Edwards, Esq., District Attorney, praying the court for an interpretation by means of a declaratory judgment as to the provisions of a certain statute hereinafter set forth. The facts agreed upon are as follows:

1. That affidavit was made before John A. Dale, a justice of the peace, charging one Joseph M. Milliren with violation of section 16 of the Act of June 14, 1923, P. L. 718, amending section 19 of the Act of June 30, 1919, P. L. 678, and charging the said defendant with the offense of operating a motor-vehicle in a reckless manner.

2. That, following the filing of said affidavit, the defendant was required to appear before John A. Dale, the said justice of the peace, to answer said charge; that the prosecutor, his witnesses and the defendant appeared before the said justice in answer to the said charge at the time and hour fixed.

3. That all proceedings in said cause up to this point are admitted to have been regular, and concerning said proceedings at this point no question is raised.

4. That the 27th section of the Act of June 14, 1923, P. L. 718, of the Commonwealth of Pennsylvania, amends section 23 of the Act of June 30, 1919, P. L. 678, and the said 27th section of the Act of 1923 reads as follows: "Section 33. Any person, except as specially provided in sections 3, 4 [10], 11, 14, 15, 16, 23, 24, 34 and 35, covering misdemeanors, convicted of violating any of the provisions of this act, shall be subject to a fine or penalty of not less than ten dollars nor more than twenty-five dollars, to be collected by summary conviction before any mayor, burgess, magistrate, alderman or justice of the peace, as like fines and penalties are now by law collected, or, in case of non-payment of such fine, to undergo an imprisonment in the county jail for a period not exceeding five days: Provided, That any person so convicted shall have the right of appeal as in other cases of summary convictions. And further provided, That any person accused of violating any of the provisions of this act may waive summary hearing, and give bond, in a sum equal to double the amount of the maximum fine that might be imposed, for appearance for trial before a judge of the Court of Quarter Sessions, or in the County Court or in the Municipal Court in counties wherein such courts exist, and thereupon the burgess, magistrate, alderman or justice of the peace shall, within fifteen days, return the complaint or information to the said court; and if any person so accused shall be convicted in such court of the offense

charged, he shall be subject to a fine of not less than ten dollars nor more than twenty-five dollars, or, in case of non-payment of such fines, to undergo imprisonment in the county jail for a period not exceeding five days."

5. That upon the defendant appearing before said justice of the peace to answer said charge as aforesaid, the defendant, through his counsel, had noted on the record that the defendant elected that the cause should not proceed as a summary conviction and thereupon demanded a preliminary hearing with said justice sitting as committing magistrate.

6. The defendant avers that he is entitled, under the laws of this Commonwealth, to a preliminary hearing upon said charge and that he cannot be bound over to appear before the Court of Quarter Sessions without said preliminary hearing upon his demand for such a hearing.

7. The defendant further avers that, by reason of his election aforesaid, the cause must proceed as a misdemeanor and is triable before the Court of Quarter Sessions of Clearfield County, before said court with a jury.

8. The Commonwealth, by the district attorney, avers that if the defendant waived the summary hearing, he is entitled to no preliminary hearing, but must give bond for his appearance before a judge of the Court of Quarter Sessions of Clearfield County.

9. The Commonwealth, by the district attorney, further avers that upon the defendant giving bond for his appearance before a judge of the Court of Quarter Sessions, said cause is then tried before a judge of said court without a jury.

This petition, therefore, raises two questions under the facts:

1. Is the defendant entitled to the preliminary hearing before the justice of the peace?

2. If the defendant gives bond for his appearance before a judge of the Court of Quarter Sessions of Clearfield County to answer said charge, is the case tried in the Court of Quarter Sessions before a jury or the court *in banc?*

As to the first question raised, whether or not the defendant is entitled to a preliminary hearing, it will be noted the language of the act and the provision under consideration therein is that any person accused of violating any of the provisions of this act may waive summary hearing and give bond in a sum equal to double the amount of the maximum fine that might be imposed for appearance for trial before a judge of the Court of Quarter Sessions, or in the County Court or in the Municipal Court in counties wherein such court exists, and thereupon the burgess, magistrate, alderman or justice of the peace shall, within fifteen days, return the complaint or information to the said court, and if any person so accused shall be convicted in such court of the offense charged, he shall be subject, etc. As we view this language, the directions to the magistrate to return the transcript or information is mandatory and not conditional upon the determination of a preliminary hearing. If it was the intention of the legislature that a defendant was to have a preliminary hearing or entitled to one under this provision, it is a reasonable presumption that language to so indicate would have been used.

The language "may waive a summary hearing" must be interpreted keeping in mind that a defendant had only the right in summary convictions to do one of two things, plead guilty to the charge or demand a preliminary hearing, and with that fact in mind, it is apparent that the language "may waive" is inserted for the purpose of providing against a procedure which exists under the summary act which enables the defendant to have an additional right.

In determining the issue herein raised, a review of the conditions which brought about this unusual provision is of assistance and should be consid-

ered. It had become common knowledge that under the various acts of assembly passed regulating the operation of automobiles and imposing penalties in summary proceedings for violations of the provisions of the law, widespread complaint was being made, alleging that certain justices of the peace throughout the State, known as "fining squires," were making a practice, in collusion with constables, to have informations made against citizens for automobile violations, and, without regard to the evidence at the summary hearing, were imposing fines, and the defendants were compelled to submit to the alleged injustice or to resist at great inconvenience and expense which the procedure on appeal under summary actions involved. As to the justification of this growing complaint of the alleged dishonesty of certain officers, it has no bearing on this issue; but the fact that such a public opinion developed of the existence of this alleged condition is relevant as the legislation under discussion was the outgrowth. This history of public sentiment leads to the conclusion that this provision of the act of assembly was inserted for the protection of a defendant against the alleged abuses hereinbefore mentioned and is a provision for his benefit.

This provision is not changing the organic law; it is not depriving the citizen of any right, but is creating an additional procedure to what already existed to protect his rights against the alleged evil which had grown up. The purpose of this provision, as we view it, is to give a defendant the election of his trier. If a defendant feels that he is not going to receive a fair adjudication of his issue by a magistrate, he may elect to have the court substituted in place of the magistrate. This in no wise is attempting to abridge a defendant of his rights under the law, but rather enlarging procedure to protect his rights. There is nothing in the language of this provision under discussion which indicates that this election changes the nature of the action whatever; it is still a summary proceedings with an election by the defendant as to adjudication of guilt, whether that adjudication shall be in the first instance by a magistrate or a justice or a judge of the Court of Quarter Sessions or in the County Court or in the Municipal Court in counties wherein such court exists. That understanding may be gathered from the language of the court, as we view it, in the case of Com. *v.* Yerkes, 285 Pa. 39. In dealing with the constitutionality of this question, the court says (page 42): "The charge of an offense of a summary nature is one thing, the conviction thereof is quite another, as the latter is an adjudication of guilt." With this thought in mind and taking into consideration the history which developed this legislation, together with the language of the provision, we feel that the correct interpretation to give to this procedure is that the action still remains summary in fact, but an additional procedure is given to a defendant, and that, upon the election of this additional procedure, it is an election to have some one other than the person before whom the information is made hear the evidence, and, therefore, a defendant charged with any of these violations, where the new procedure is created upon electing to remove an adjudication of the charge against him to another tribunal, is not entitled to a preliminary hearing, and that all the magistrate or burgess or alderman has to do concerning the matter, when the request is made and bond filed, is to return the information or transcript to the court which should hear the matter.

This conclusion disposes of the second question herein raised, whether the proceedings would be heard by the court *in banc* or should be heard by a jury under indictment. This still being a summary proceedings, as we view it, the matter would be heard by the court *in banc.*

Commonwealth *v.* Milliren.

Now, Aug. 19, 1927, the judgment of the court as to the issues of law raised in this petition is as follows:

1. That a defendant is not entitled to a preliminary hearing before a magistrate when that defendant has taken advantage of the provision of the Act of June 14, 1923, P. L. 718, of the Commonwealth of Pennsylvania, amending section 33 of the Act of June 30, 1919, P. L. 678, and of said 27th section of said Act of 1923, which provision provides as follows: That any person accused of violating any of the provisions of this act may waive summary hearing and give bond in a sum equal to double the amount of the maximum fine that might be imposed for appearance for trial before a judge of the Court of Quarter Sessions, or in the County Court or in the Municipal Court in counties wherein such court exists, etc.

2. That under said provisions of the act of assembly, upon the information or complaint being returned to the Court of Quarter Sessions or such court as is designated under the act, the court hears the matter as a summary proceedings, that is, *in banc,* and not by way of indictment and trial by a jury.

Exceptions noted and bill sealed to the defendant, Joseph M. Milliren.

From John M. Urey, Clearfield, Pa.