## Commonwealth ex rel., Marsh, Appellant, v. Lindsey.

Argued March 16, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*H. Eugene Gardner,* with him *Harold R. Prowell* and *Ralph A. Sheetz,* for appellant.

*J. Boyd Landis,* District Attorney, with him *Edwin M. Blumenthal* and *L. Floyd Hess,* for appellee.

OPINION BY KELLER, P. J., April 13, 1938:

This is an appeal by the relator, John Marsh, from the order of the court below dismissing his writ of habeas corpus and remanding him to the custody of the keeper of the Cumberland County jail.

It appears from the agreed stipulation of facts, which was filed in lieu of taking testimony at the hearing on the writ, that the relator was committed to the Cumberland County jail on November 15, 1937, by William Dosh, justice of the peace in South Middleton Township, after a hearing on a charge of violating the provisions of the School Code [1] regarding the compulsory attendance of children of school age, at which he pleaded guilty; and that he has been kept in jail on successive similar commitments issued by said justice of the peace —by which we understand that he was committed under similar conditions and circumstances.

The stipulation sets forth the failure of the relator to provide school instruction for his son, Eugene, a minor between eight and eighteen years of age, by teachers approved by the Department of Public Instruction, written notice to the relator by the attendance officer of the school district, complaint or information before the justice of the peace and a hearing, at which the relator pleaded guilty, all in compliance with the provisions of section 1423 of the School Code as amended. The reasons which may have moved the relator to plead guilty to the charge are not material in this proceeding. But from the facts as presented to the

---

[1] See section 1423 of the Act of May 18, 1911, P. L. 309, as amended by the Act of July 1, 1937, P. L. 2560.

court below it appeared that the relator was lawfully confined, pursuant to a commitment, issued following a hearing held in due course, at which he had pleaded guilty to the charge against him. It followed that the court could do nothing but dismiss the writ and remand the relator to the county jail.

The statement of questions involved in the brief of the appellant presented a series of questions, all of which were withdrawn at bar except the first, Can a state deprive any person of liberty without due process of law? In his argument he has raised some interesting legal questions which might be involved under a different state of facts, but which cannot pertinently be discussed in the present state of the record. The record now before us shows that the relator was deprived of his liberty, at the time of his hearing on habeas corpus, by reason of a lawful commitment to jail issued pursuant to a hearing, duly held, on a charge of violating the provisions of an act of assembly to which he pleaded guilty. From the facts as stipulated, restraint of his liberty was pursuant to due process of law. Accordingly, the order must be affirmed.

We feel, however, that the appellant is entitled to have the legal questions, which he attempted to raise in this proceeding, considered and passed upon by a court of law without undue harassment or unnecessary trouble. The slovenly draftsmanship of the section of the School Code relating to violations of its provisions regarding compulsory attendance [a] may be partly responsible.

---

[a] Section 1423 of the School Code as originally drawn and also as amended provides: (1) That every parent, ...... who shall fail to comply with its provisions regarding compulsory attendance, shall be guilty of a *misdemeanor,* and on conviction before any alderman, justice of the peace, etc. shall be sentenced to pay a fine, etc. The general and customary meaning in our law of 'misdemeanor' is, an indictable offense not amounting to felony. While the words following leave "little room for doubt that it

If the relator is arrested again on the same charge and after a hearing at which he pleads "not guilty," is convicted and fined, his petition for an appeal to the court of quarter sessions should be allowed, (*Com. v. MacDonald*, 94 Pa. Superior Ct. 486, 489) on his entering into a recognizance, with one or more proper sureties, in double the amount of penalty and costs. At the hearing *de novo* before the court of quarter sessions he should produce all the testimony which he deems necessary for a decision of the legal questions involved. And

---

was the actual legislative intent to create a petty offense to be tried before a subordinate magistrate," (*Allen v. Com.* 77 Pa. Superior Ct. 244, 247, 248), it is not good draftsmanship to use the word 'misdemeanor' in connection with an offense that is not indictable. The usual form appropriate to summary convictions should be adopted. (2) The clause, "Provided, That any person sentenced to pay any such fine may, at any time within five days thereafter, appeal to the court of quarter sessions of the proper county, upon entering into a recognizance, with one or more proper sureties, in double the amount of penalty and costs" does not waive the allowance of the appeal by the court of quarter sessions or a judge thereof, pursuant to the requirements of Art. V, section 14, of the Constitution and the Act of April 17, 1876, P. L. 29, and its amendments of July 11, 1917, P. L. 771, and April 1, 1925, P. L. 98, carrying the said provision of the constitution into effect. Unlike the statute involved in *Com. v. Yerkes,* 285 Pa. 39, 131 A. 650, affirming 86 Pa. Superior Ct. 5, section 1423 of the School Code does not authorize the defendant to *waive* a summary hearing before the justice and give bond for *appearance for trial* before a judge of the court of quarter sessions; it provides only for *appeal after conviction* before the justice of the peace, as provided by the amending acts of July 11, 1917, supra, and April 1, 1925, supra. Under the constitutional provision above referred to (Art. V, sec. 14) an appeal from the judgment of the subordinate magistrate must be specially allowed, upon cause shown, by the appellate court or a judge thereof. A statute dispensing with such allowance would be unconstitutional: *Com. v. Luckey,* 31 Pa. Superior Ct. 441, 444, 445; *Com. v. Eichenberg,* 140 Pa. 158, 160, 21 A. 258; *Com. v. McCann & Co.,* 174 Pa. 19, 22, 34 A. 299; *Com. v. Climenti,* 89 Pa. Superior Ct. 195, 197; *Com. v. Long,* 276 Pa. 154, 158, 120 A. 125.

452

pending the disposition of the case by the court of quarter sessions, or its decision on certiorari by this court, if appealed, (*Com. v. Climenti,* 89 Pa. Superior Ct. 195, 197), further action by the school authorities should be held in abeyance. It would savor more of persecution than law enforcement.

Order affirmed.