## Commonwealth ex rel. v. Mayernik

Before Lencher, P. J., Gunther and O'Connor, JJ.

*Anne X. Alpern,* city solicitor, and *Emanuel F. Schifano,* assistant city solicitor, for Commonwealth.

*A. A. Bluestone,* for defendant.

LENCHER, P. J., February 20, 1950.—Counsel for defendant and the assistant city solicitor for the City of Pittsburgh appeared before us at the general argument list and have argued the propriety of defendant's demand for a jury trial in this charge against him at the number and term above indicated of reckless driving which he waived to our court. After careful consideration of the arguments and of the briefs filed, the demand must be rejected.

Police officers of the City of Pittsburgh lodged against defendant an information wherein it was charged that on October 28, 1949, he had been guilty of reckless driving under the provisions of section

1001 (*a*) of The Vehicle Code of May 1, 1929, P. L. 905, article X, as amended, 75 PS §481, which provide, inter alia, that any one who drives his vehicle upon a highway carelessly, and wilfully or wantonly disregards the rights or safety of others, or in a manner so as to endanger any person or property, shall upon summary conviction be sentenced to pay a fine of not less than $10 nor more than $25 and costs, and in default of the payment thereof, undergo imprisonment for not more than 10 days. Defendant waived hearing before the city magistrate under the provisions of The Vehicle Code, supra, which declares that any person charged with violating any of the summary provisions of the act may waive summary hearing and give bond for appearance before a judge: The Vehicle Code, supra, section 1204 (*a*) (*b*), as amended, 75 PS §734. The right to appeal from a summary conviction given by The Vehicle Code never prevented the legislature from creating a new and minor offense of reckless driving, prescribe it as a summary conviction, and confer on defendant charged therewith a right to waive hearing before an alderman, magistrate or justice of the peace, and taking the case forthwith before a judge of a court of record for trial: Commonwealth v. Yerkes, 285 Pa. 39, 131 Atl. 650. Where the offense committed is designated as either a felony or misdemeanor, The Vehicle Code provides that the information is to be filed as now provided by law: 75 PS §731 (*b*) ; 75 PS §732, 2 (*b*).

Article I, sec. 6 of our Bill of Rights provides that "trial by jury shall be as heretofore, and the right thereof remain inviolate". A statute prescribing a summary conviction for offenses in which summary convictions were recognized at common law or prescribing a summary conviction for offenses unknown to the common law, does not violate this clause in our Constitution, the right to jury trial generally depending on its existence at common law or at the foundation of our State

Government. See cases cited to notes 2 and 4, pages 109 and 110, Purdon's Statutes on the Constitution of Pennsylvania. Article V, sec. 14 of our Constitution, establishing the right of persons convicted in a court not of record of a summary conviction, to appeal in accordance with the manner "as may be prescribed by law, upon allowance", does not guarantee to one who appeals from a summary conviction the right to have his appeal tried by jury. See cases cited to note 9, page 333 of Purdon's Statutes on the Constitution of our Commonwealth. Article I, sec. 6, supra, of the Bill of Rights, declaring that "trial by jury shall be as heretofore", is not inconsistent with article V, sec. 14 of the Constitution relating to summary convictions: Commonwealth, etc., v. McCann, 174 Pa. 19, 34 Atl. 299.

When the legislature established the County Court of Allegheny County and gave it exclusive jurisdiction as to summary convictions, it provided that the practice therein "shall be as is provided by law": 17 PS §§626, 632. The legislative provisions as to trial by jury in our court (17 PS §634), declaring that such provisions apply only "in any case in which the parties are entitled by the Constitution and laws of this Commonwealth to a trial by jury", obviously deal only with civil cases. While the Municipal Court of Philadelphia may under its legislative grant try indictments for certain misdemeanors found by the grand jury of Philadelphia County when, but only when, the district attorney of that county has elected so to do (Commonwealth ex rel. Burton et al. v. Baldi, 147 Pa. Superior Ct. 193, 24 A. (2d) 76), the County Court of Allegheny County has been given no power to try any indictable offenses, jury or nonjury.

We would not lightly dismiss a demand for so time honored a right as the right of trial by jury. Accordingly, we have given consideration to defendant's contention that the legislature adopted an unconstitu-

tional provision, supra, when it declared reckless driving to be a summary offense. It is clear to us that we cannot sustain this demand for a jury trial. Courts, and especially trial courts below, should declare legislative language to be void as offending our constitution only when such language violates that instrument clearly, palpably and plainly so as to leave no doubt or hesitation in our minds: Sharpless et al. v. The Mayor of Philadelphia, 21 Pa. 147, 164. As already suggested, summary convictions were well known before the formation of the constitution, and they are not expressly or impliedly prohibited by that instrument except "insofar as they are not to be substituted for a jury, where the latter mode of trial had been previously established": Commonwealth ex rel. v. Heiman, 127 Pa. Superior Ct. 1, 190 Atl. 479, citing numerous cases in support of the rule. See also authorities collected in Purdon, Pa., Constitution, note 35, page 135. Flatly holding that summary convictions in accordance with legislative provisions do not violate the constitutional guarantees or right of trial by jury, are the recent cases of Commonwealth v. Jackson, 146 Pa. Superior Ct. 328, 334, 22 A.(2d) 299, affirmed in 345 Pa. 456, 28 A.(2d) 894; Scranton v. Hollenberg, 152 Pa. Superior Ct. 138, 142, 31 A.(2d) 437. And Commonwealth v. Kramer, 146 Pa. Superior Ct. 91, 22 A.(2d) 46, indicates that "certain waivers of or departures from, some of the incidents of such a trial . . . have been authorized by statute, which have been held not to be violative of the provisions of the constitution relating to jury trials".

Counsel for defendant relies strongly on a case in the Supreme Court of the United States (Dist. of Columbia v. Colts, 282 U. S. 63) to the effect that driving— at forbidden rate of speed and so recklessly as to endanger property and individuals—in violation of the congressional language setting up the District of Co-

lumbia Traffic Act is an offense malum in se of such a serious character amounting to a public nuisance indictable at common law, that it must be declared a crime within the constitutional guarantee of trial by jury within the provisions of article III, sec. 2, cl. 3 of the Constitution of the United States which provides that except in cases of impeachement, the trial of crimes "shall be by jury". Of course this holding can have no binding upon us because the Federal Constitution is not applicable to the several States so far as its provisions concern jury trial. These are restrictions only on the power of Federal courts: the several States are not prohibited by the language in the Federal Constitution from regulating and restricting the right of trial by jury as the several States may deem proper, nor from abolishing jury trial where the law of such State permits it, so long as the right to jury trial in a Federal jurisdiction is not taken away by either a State constitution or by the statutory provisions of any of the several States: 50 C. J. S. §10(*b*).

In Pennsylvania, our first Constitution, that of 1776, declared that "trial by jury shall be as heretofore". The Constitution of 1790, and the amended one of 1838, adopted substantially the same provision. Their language was: "Trial by jury shall be as heretofore, and the right thereof remain inviolate". All looked to preservation, not extension. It is the old right, whatever it was, the one previously enjoyed, that must remain inviolable, alike in its mode of enjoyment and in its extent: Byers and Davis v. Commonwealth, 42 Pa. 89, 94; Haines v. Levin, 51 Pa. 412; Commonwealth v. Heiman, supra, 6, 7.

An important difference must be pointed out between the Federal provision for trial by jury, and on the other hand the language in our constitutional provisions therefor. In the opinion Commonwealth v. Hall, 291 Pa. 341, 346, 347, 140 Atl. 626, Chief Justice

Moschzisker pointed out that the Constitution of Pennsylvania "simply guarantees the *right* to trial by jury", therein differing from the Constitution of the United States, which provides in article III, sec. 2 that the trial of criminal cases "shall be by jury": Commonwealth v. Kramer, supra, 102. Even so, the Supreme Court of the United States recently declared in the case of District of Columbia v. Clawans, 300 U. S. 617, in an exhaustive review of the problem in which the Colts case, supra, is cited without reversal that "the question is not free from doubt", holding that defendant, Clawans, charged with engaging in the business of selling second-hand property without a license contrary to the provisions of the Act of Congress, establishing such an offense for the District of Columbia, could not have been indicted at common law, that such offense is now looked upon as an infringement only of a local police regulation even though it carries a maximum sentence of 90 days in jail, and concluded that Clawans' demand for jury trial was rightly denied.

If we are to abide by the specific facts in each case to determine whether or not there should be a jury trial of an offense indictable at common law, a court empowered to try indictable offenses could not do so here since the specific facts in the case at bar and waiver are not known. But if a similarity in language between our reckless driving provisions, supra, and the language of the District of Columbia Traffic Act in the Colts case could be controlling, then there is precedent in our appellate courts against defendant's position here. For whatever our defendant here may have done or omitted, his conduct could hardly have been more serious in its consequences than was the result of the reckless driving of defendant in our Pennsylvania case of Commonwealth v. Bergen, 134 Pa. Superior Ct. 62, 4 A.(2d) 164, resulting in the death of another person. Bergen was indicted and tried for involuntary

manslaughter; that indictment our courts would not stay simply because of defendant's acquittal of reckless driving under his claim of autrefois acquit, our Superior Court declaring that reckless driving under the provisions of The Vehicle Code "is not an indictable offense, but only punishable upon summary conviction before a justice of the peace, alderman or magistrate".

Even in the Federal jurisdictions, as the Supreme Court of the United States has often recognized, it was not the purpose or effect of article III, sec. 2, read in the light of the common law, to enlarge the then existing right to a jury trial. The object was to preserve unimpaired trial by jury in all those cases in which it had been recognized by the common law and in all cases of a like nature as they might arise in the future, but not to bring within the sweep of the guaranty those cases in which it was then well understood that a jury trial could not be demanded as of right.

The fifth and sixth amendments, while guaranteeing the continuance of certain incidents of trial by jury which article II, sec. 2 had left unmentioned, did not enlarge the right to jury trial as it had been established by that article: Callan v. Wilson, 127 U. S. 540, 549. Hence petty offenses triable at common law without a jury may be tried without a jury in the Federal courts, notwithstanding article III, sec. 2, and the fifth and sixth amendments: Schick v. United States, 195 U. S. 65; District of Columbia v. Clawans, supra; Ex parte Quirin, 317 U. S. 1.

It is important to note that in the Colts case, supra, defendant did not waive that specific charge of reckless driving to an appellate court for trial. Therefore we may revert again now to the important fact that in this case at bar, Mayernik waived the charge of reckless driving, must be presumed to know that he

had not been charged with either a misdemeanor or a felony. As already indicated, The Vehicle Code comprehends indictable offenses that may be committed by the driver of a motor vehicle in Pennsylvania, as to which the prosecution must proceed in the manner provided by law, quite unlike the making of an information in a summary proceeding. Only when the proceeding is a summary one does the privilege of waiver exist, so it may well be wondered whether this defendant, invoking the waiver provisions of The Vehicle Code, applicable as such waiver is only to a summary proceeding, may now assert the alleged unconstitutionality of the very provision of the act which declares reckless driving to be a summary proceeding: Montgomery County Bar Assn. v. Rinalducci, 329 Pa. 296, 197 Atl. 974. Of course as the Superior Court has recently observed (Commonwealth v. Gill, 166 Pa. Superior Ct. 223) jurisdiction of the subject matter cannot be given courts by consent, citing, inter alia, Mills v. Commonwealth, 13 Pa. 626; Commonwealth v. Hall, 91 Pa. Superior Ct. 485. Yet the provisions of the act of assembly give us jurisdiction although it is a jurisdiction to some extent dependent upon defendant's own choice: Lavery v. Commonwealth, 101 Pa. 560.

The Vehicle Code is a complete and comprehensive system regulating the use of motor vehicles on our public highways, and the conduct of autoists at the wheels of such vehicles; its general intent and legal structure have been fully sustained as to constitutionality and validity: Maurer et al. v. Boardman Surety & Revenue et al., 336 Pa. 17, 7 A.(2d) 466, affirmed in 309 U. S. 598. The years that have passed since The Vehicle Code of June 30, 1919, P. L. 678, 698, sec. 33, as subsequently amended, affording the privilege of waiver, indicate long acquiescence by the public in its provisions, and such acquiescence must be accorded weight

by the courts. Throughout the years in which waivers have been tried in courts of record, the cases in our appellate courts have inevitably assumed the position we have here indicated. In Commonwealth v. Peacock, 118 Pa. Superior Ct. 168, 179 A. 907, the opinion declares that in case of a summary conviction under The Vehicle Code, defendant is entitled to be tried "without a jury" so that a judgment may be entered such as is warranted by law and the evidence. The cases repeatedly hold that where defendant in a summary conviction case has the choice of appearing before a justice or to waive such appearance, and does the latter by entering his bond, the trial he then secures will be "by a judge of the court", having elected to be tried by a tribunal which acquired jurisdiction through his election: Commonwealth v. Reed, 152 Pa. Superior Ct. 249, 31 A. (2d) 595.

Were the position of defendant correct, and had he been charged with the commission of an offense that was indictable at common law, he would be entitled on his demand to trial by jury. Our jurisdiction does not contemplate indictable offenses which we would be unable to try with or without a jury. Our jurisdiction is defined by written law; we cannot transcend that jurisdiction by resorting to analogies or affinities between offenses created by the legislature, and by it prescribed as a summary conviction to offenses presumably encompassed by the common law: Commonwealth ex rel. v. Burton et al., supra, at 200, 201.

## Order of Court

And now, to wit, February 20, 1950, after careful consideration of the record before us, the arguments of counsel and of the briefs filed, defendant's demand for jury trial is refused, the case to proceed to trial sec. reg. sec. leg.