## Commonwealth v. Cox

*J. Frank Kelker, Jr.*, for Rochester Township.

*J. Q. Salmon*, for defendant.

McCreary, P. J., December 23, 1952.—On September 13, 1952, Ralph B. Batto, Chief of Police of Rochester Township lodged an information against Eugene Cox before William A. Wehr, a justice of the peace, charging defendant with violation of section 1 of ordinance no. 92 of the township. This ordinance is

one regulating junk yards in the township, as authorized by the First Class Township Code, as amended by the Act of May 27, 1949, P. L. 1955, sec. 31, 53 PS §19092-1502 XLIII.

The section of the ordinance alleged to have been violated reads as follows:

"Section 1. No automobile or parts thereof shall be placed nearer than one hundred (100) feet from a public highway."

The information charges that the defendant in Rochester Township on or about June 12, 1952, "did then and there unlawfully and wilfully allow Automobiles or parts of Automobiles to be placed along a public highway in the Township of Rochester, County of Beaver, Pennsylvania, knowing that the law reads that you are not allowed nearer than one hundred feet from the highway."

There never was any hearing before the justice of the peace. The record returned to quarter sessions court shows that when defendant was arrested by warrant he was forthwith brought before the justice of the peace and he "waived a hearing". We are satisfied that we have no jurisdiction to determine the matter on its merits.

Section 62 of the First Class Township Code, as amended by the Act of May 27, 1949, P. L. 1955, 53 PS §19092-3301, reads as follows:

"All proceedings for the violation of township ordinances, and for the collection of fines and penalties imposed thereby, may be commenced by warrant or by summons, at the discretion of the justice of the peace before whom the proceeding is begun. No warrant shall be issued except upon complaint, on oath or affirmation, specifying the ordinance for the violation of which the same is issued. All proceedings shall be directed to and be served by any policeman or constable of the township, who shall execute the same anywhere

within the State as may be provided by law. Persons arrested for violation of a township ordinance shall be entitled to give bail for their appearance according to the practice in cases of summary proceedings. Warrants shall be returnable forthwith, and, upon such return, *like proceedings shall be had in all cases as in summary convictions,* with the same right of appeal from any final judgment entered therein, except where otherwise provided by existing laws." (Italics supplied.)

It will be noted that the legislature made no provisions conferring any right on a defendant to waive a hearing. Since the legislature did not do so, the right does not exist.

Article V, sec. 14, of the Constitution of Pennsylvania, provides that in all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown. In the case we are now considering, if there had been a hearing before the justice of the peace before whom the information was made and defendant had felt aggrieved by the action of the magistrate, he could have appealed to the court of quarter sessions by filing a petition for appeal setting forth therein cause why the appeal should be allowed, and having the appeal allowed by the court. He did not do so. There was no summary conviction. There was no hearing before the magistrate because defendant waived a hearing and the Commonwealth did not insist upon its right to go into a hearing before the justice of the peace. Therefore there is nothing before this court on a basis of which we are entitled to go into the merits of the case.

In the case of Commonwealth v. Yerkes, 285 Pa. 39, defendant had waived a hearing before the justice of

the peace before whom an information had been made charging defendant with a violation of The Vehicle Code. It is well known to all lawyers and judges that the legislature provided for the right of a defendant to waive a hearing before the justice of the peace in case of a violation of The Vehicle Code. The Supreme Court decided that the conferring of such a right by the legislature was not a violation of article V, sec. 14, of the Constitution, but indicated very strongly that if the legislature had not made provision for the right in a defendant to waive a hearing, no such right exists in any summary conviction case and that the only remedy a defendant would have would be to appeal to the court of quarter sessions for allowance of the appeal by the court for cause shown.

See also, the case of Commonwealth ex rel. Marsh v. Lindsey, 130 Pa. Superior Ct. 448, where, in a footnote commencing on page 450 the Superior Court answered certain questions propounded by appellant. The Superior Court said in part, as follows (p. 451):

"Unlike the statute involved in *Com. v. Yerkes*, 285 Pa. 39, 131 A. 650, affirming 86 Pa. Superior Ct. 5, section 1423 of the School Code does not authorize the defendant to *waive* a summary hearing before the justice and give bond for *appearance for trial* before a judge of the court of quarter sessions; it provides only for *appeal after conviction* before the justice of the peace, as provided by the amending acts of July 11, 1917, supra, and April 1, 1925, supra. Under the constitutional provision above referred to (Art. V, sec. 14) an appeal from the judgment of the subordinate magistrate must be specially allowed, upon cause shown, by the appellate court or a judge thereof. A statute dispensing with such allowance would be unconstitutional: *Com. v. Luckey*, 31 Pa. Superior Ct. 441, 444, 445; *Com. v. Eichenberg*, 140 Pa. 158, 160, 21 A. 258; *Com. v. McCann & Co.*, 174 Pa. 19, 22,

34 A. 299; *Com. v. Climenti,* 89 Pa. Superior St. 195, 197; *Com. v. Long,* 276 Pa. 154, 158, 120 A. 125."

In the case of Marple Township v. Grover, 33 Del. Co. 448, a question involving an alleged violation of a zoning ordinance was being considered by the court. Marple Township complained about defendant violating the zoning ordinance by keeping goats on a farm, which gave off noisome odors to the discomfort of the citizens living near the place. It appears from the history of the case, which was in equity, that the same matter had been before the court previously, under circumstances similar to the circumstances involved in the case we are now considering. Judge Sweney noted in his opinion (p. 457):

"This case originally came into court after a 'waiver of hearing' before a justice of the peace, in a proceeding by the Commonwealth against the defendant, William C. Grover. During the course of the hearing herein, we expressed the opinion that the defendant had no right to waive the hearing before the justice. The ordinance gives no such right. Art. 5, Sec. 14 of the Constitution, relating to appeal from summary conviction, provides for such appeal 'to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown'. This provision cannot be nullified by any such shallow subterfuge as a 'waiver of hearing' where no right of waiver is given, a fact which should be well known to both counsel (The Motor Vehicle Code specifically gives the right to waive a summary hearing upon conditions prescribed. This is constitutional: *Com. v. Yerkes,* 86 Pa. Superior Ct. 5, 11). We suggested to counsel that they look into the matter; and, subsequently, a stipulation was filed whereby the case was 'converted' into the present proceeding, a bill and answer being filed."

See, also Commonwealth v. Stephens, 21 D. & C. 180.

For the reasons stated we reach the conclusion that we have no jurisdiction to consider the matter on its merits, because neither the First Class Township Code nor the ordinance in question gives a defendant any right to waive a hearing. Since the statute confers no such right it does not exist.

We therefore make the following

*Order*

Now, December 23, 1952, the above-entitled case is dismissed; no costs are allowed.