# Commonwealth v. Vis, Appellant.

*Criminal law—Fraudulent conversion—Act of May 18, 1917, P. L. 241—Former convictions—Evidence—Admissibility.*

In the trial of an indictment for fraudulent conversion, there was sufficient evidence to sustain a conviction, when the Commonwealth proved that the defendant had received the money for certain purposes, but had fraudulently withheld and applied it to and for his own use and benefit.

In such trial, records of former convictions of the defendant, offered to impeach his credibility are admissible.

*Criminal procedure—Assignments of error—Failure to move for binding instructions.*

An assignment of error, complaining that a verdict was not directed in favor of the defendant, will not be considered by the appellate court, where no motion for such instructions was made at the conclusion of the trial.

Argued May 1, 1923. Appeal, No. 143, April T., 1923, by defendant, from judgment of Q. S. Allegheny Co., June Sessions, 1922, No. 688, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Alexander Vis. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

384, (1923).] Statement of Facts—Opinion of the Court.

Indictment for fraudulent conversion. Before Doug-LASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, and refusal to give binding instructions in favor of defendant.

J. Harvey Scott, and with him Alfred Cahen, for appellant.

Samuel H. Gardner, Assistant District Attorney, for appellee.

OPINION BY LINN, J., July 12, 1923:

Appellant was convicted of fraudulently converting to his own use prosecutor's money within the sense prohibited by the Act of May 18, 1917, P. L. 241. He testified in defense that he and the prosecuting witness were partners in what he called "a bootlegging business." There was evidence from which the jury may have found that the prosecuting witness gave $12,000 to appellant, which appellant agreed he would expend for whiskey for the prosecutor, but which he fraudulently retained instead of disbursing as he had agreed. In Com. v. Mac-Donald, 74 Pa. Superior Ct. 357, we held that to sustain a conviction under the Act of 1917 "It was sufficient to show that he [defendant] had received the money for the purpose of procuring the conveyance of the property to the corporation, and that he fraudulently withheld and applied the same to and for his own use and benefit."

The case was submitted to the jury in a charge which was not excepted to and to which no additional instructions were requested, although the court asked whether further instructions were desired. Several assignments

of error complain that a verdict was not directed for the defendant. In dismissing them it is sufficient to say no motion for such instructions was made when the evidence was in, though from what we have said on the merits, it is clear the case was for the jury. Two extracts from the charge are assigned for error. Not being supported by exception, we must also dismiss them, though we may say, taken with the context, the extracts complained of were not erroneous.

The remaining assignment of error is to the admission of two records of the Court of Quarter Sessions of Allegheny County, one showing conviction and sentence for larceny by bailee, the other for obtaining money under false pretenses. They were offered to affect his credibility and he objected and excepted. The evidence was admissible for the purpose, for the reasons recently stated by this court in Com. v. John Doe, 79 Pa. Superior Ct. 162.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.