## Commonwealth *v.* Yerkes, Appellant.

*Criminal law—Malfeasance in office—Extortion—Blackmail—Evidence—Constitutional law—Act of June 30, 1919, P. L. 678, as amended by Acts of May 16, 1921, P. L. 582, and June 14, 1923, P. L. 718—Summary conviction—Hearing before magistrate—Right to waive.*

On the trial of an indictment of a justice of the peace for malfeasance in office, extortion and blackmail, the case is for the jury on the question of whether the defendant acted in good faith and in an honest endeavor to enforce the law as he understood it, or whether he acted in bad faith with knowledge of his error and for the purpose of oppression.

A charge of the court is correct, which instructed the jury that the burden was upon the Commonwealth to produce evidence which would warrant a finding that the defendant was moved by a disposition to oppress, dishonest motives and bad faith.

Where a defendant had refused to allow one charged with a violation of the Motor Law to waive a hearing, it was proper for the Commonwealth, for the purpose of establishing that the defendant's conduct was deliberate and for the purpose of oppression, to offer in evidence the record of another proceeding, involving similar facts, where a writ of mandamus had been issued against him commanding him to permit a waiver of a hearing.

It was also proper to admit in evidence the record of a former conviction, for the purpose of testing the credibility of the defendant.

*Constitutional law—Motor vehicle act of 1919—Constitutionality.*

The Motor Vehicle Act of 1919, as amended by the Acts of May 16, 1921, P. L. 582, and June 14, 1923, P. L. 718, does not contravene Article V, section 14, of the Constitution of Pennsylvania.

HENDERSON and KELLER, JJ., dissent.

Argued April 27, 1925. Appeal, No. 17, October T., 1925, by defendant from judgment and sentence of Q. S. Delaware County, June Sessions, 1924, No. 22, in the case of Commonwealth of Pennsylvania v. D. Martin Yerkes. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment of a Justice of the Peace for misdemeanor, and misfeasance in office, extortion and blackmail. Before BARNETT, P. J., 41st Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned,* inter alia, were refusal to direct a verdict of not guilty, various parts of the charge of the court and refusal of a new trial.

*William C. Alexander* for appellant.—The act for which defendant was indicted was a judicial one for which he was not civilly or criminally liable:   King v. Jackson, 1 Term Rep. 653; Yates v. Lansing, 5 Johns. (N. Y.) 282; Respublica v. Hannum, 1 Yeates 71; Commonwealth v. Cauffiel, 79 Pa. Superior Court 596.

There was no evidence of fraud, corruption or dishonest motives on the part of defendant:   Peonage Cases, 123 Fed. 671; Hanna v. Slevin, 8 Pa. Superior Court 509.

Evidence of conviction of former crime was inadmissible:   Commonwealth v. Elias, 76 Pa. Superior Court 576; Commonwealth v. House, 223 Pa. 487; Commonwealth v. Coles, 265 Pa. 362; Commonwealth v. Dumber, 69 Pa. Superior Court 196; Commonwealth v. Racco, 225 Pa. 113; Commonwealth v. Brown, 264 Pa. 85; Commonwealth v. Nicoletti, 82 Pa. Superior Ct. 395; Commonwealth v. Haines, 257 Pa. 289.

*William J. McCarter, Jr.,* Assistant District Attorney, and with him *William Taylor,* District Attorney, for appellee.—A magistrate is criminally responsible for illegal acts committed under the color of his office: Grohman v. Kirschman, 168 Pa. 189.

Admission of defendant's former conviction was proper for the purpose of attacking his credibility

after he had testified: Commonwealth v. John Doe, 79 Pa. Superior Ct. 162; Commonwealth v. Vis, 81 Pa. Superior Ct. 384.

OPINION BY GAWTHROP, J., July 9, 1925:

Defendant was indicted and convicted on four bills of indictment, two charging him with a malfeasance and misdemeanor in office, and two charging him with extortion and blackmail. The sentence to pay a fine of $500 and the costs of prosecution and suffer punishment by separate and solitary confinement in the county jail for a period of six months and to vacate the office of justice of the peace was imposed on one of the bills charging malfeasance and misdemeanor in office, the other three indictments being disregarded by the trial judge in passing sentence, because the charges contained in all of the bills grew out of the same transaction. The following facts are undisputed: Defendant was a duly elected and acting justice of the peace in and for the Borough of Millbourne, Delaware County, and had occupied the office for about twelve years. Complaint was duly made before him charging one Williams with violating the law relating to the use and operation of motor vehicles by driving his automobile through the Borough of Millbourne on the night of December 21, 1923, without having his rear light burning. He sent two written notices to Williams, one on January 5, 1924, and one on January 19, 1924, to the effect that he had violated the law in the respect above mentioned, and stating that his voluntary appearance at defendant's office on a certain day would obviate further legal process. Williams disregarded the notices and failed to appear because he was advised that the notices were irregular. Subsequently a warrant was issued by defendant for the arrest of Williams on the charge preferred and on or about March 11, 1924, it was served on Williams in the City of Philadelphia. He was taken to the lockup in Millbourne about

two o'clock p. m., where he remained until nearly nine o'clock, when he was taken to defendant's office for a hearing. A witness, Geiger, testified for the Commonwealth that about six o'clock on the evening of March 11th he saw defendant at his office and told him that he had come to enter bail for a man by the name of Williams who wanted to waive a hearing; that defendant told him he would not permit him to enter bail at that time; that, if he wanted to enter bail or appear in the case, he would hear it at nine o'clock; that "there'll be no waiving of hearings here; I will have you understand that......these fellows on the Chester Pike I will teach them; if they haven't got the nerve, I have." Williams testified that before the hearing began he told defendant he desired to waive a hearing in the case, but that defendant not only refused to permit him to waive a hearing, but used abusive language toward him, and said: "I am a pretty square man and if you want to tell me who advised you to take this course in this case I will give you some consideration, but if you don't I am going to give you the heaviest penalty the law will allow—twenty-five dollars and costs." He testified further that the hearing proceeded and he was found guilty and a fine of $25 and costs was imposed upon him; that he refused to pay the fine and costs and, for the nonpayment thereof, defendant committed him to jail for five days, where he remained until he was released on a writ of habeas corpus. The Commonwealth was permitted to introduce in evidence the record in the case of Commonwealth ex rel. William Taylor, District Attorney of Delaware County, v. D. Martin Yerkes, Justice of the Peace of the Borough of Millbourne, Delaware County, No. 1051, March Term, 1922. That was a proceeding upon a petition for a peremptory writ of mandamus against this defendant to require him to permit one Kennedy to waive a summary hearing and give bond conditioned for his appearance for trial before a judge of the Court of Quarter Ses-

sions of Delaware County on the charge of driving an automobile through the Borough of Millbourne without having a rear light burning, the same offense as that charged against Williams. That record shows that the Court of Common Pleas of Delaware County directed a peremptory writ of mandamus to issue, as prayed for and that it was issued and served personally upon D. Martin Yerkes May 25, 1922. Defendant admitted that the writ was served upon him and stated that he did not know what to do and gave it to his attorney. Defendant testified that he did not refuse to permit Williams to waive a summary hearing, and that the right to waive such a hearing was not demanded by Williams until the hearing was concluded and judgment was about to be pronounced. His testimony to that effect was corroborated by three or four witnesses. He testified also that he believed that the provision in the motor vehicle law under which Williams demanded the right to waive a summary hearing was unconstitutional and void and that, therefore, it was not only his right, but his duty to hear the case.

The first assignment of error complains of the refusal of the trial judge to affirm defendant's point requesting the direction of a verdict of not guilty. In support of this assignment it is earnestly contended that as defendant was acting in his judicial capacity and within the scope of his authority there could be no conviction unless in refusing to permit Williams to waive a, summary hearing he acted not only with knowledge of his error, but corruptly, in bad faith, with a dishonest motive and the purpose of oppressing, and that the evidence was insufficient to warrant the jury in finding that he so acted. It would serve no useful purpose to review the law applicable to the subject of the liability of a judicial officer for acts done or omitted to be done by him when he is exercising his judicial functions within the scope of his authority. The well settled policy of the law is that a judicial officer shall be

free and fearless in the performance of his duties and that he shall not be hampered or annoyed by the fear of the consequences of his acts·to himself so long as he acts honestly and in good faith within the line of his duties. Neither gross ignorance nor gross error, nor both combined, amount to that intent to do wrong which must be proved before there arises any liability for an act done in the performance of judicial functions in a case like this. The question was fully considered in Com. v. Cauffiel, 79 Pa. Superior Ct. 596, in which we said: "The Commonwealth had the burden of producing evidence which would warrant a finding by the jury that appellant was moved by a disposition to oppress, dishonest motives or bad faith. The law imputes good faith to judicial action and the burden is on the one attacking it to prove the want of it." The court below charged the jury substantially to that effect. With a full appreciation of the importance of the independence of judicial officers and the doctrine which holds a judge exempt from civil or criminal liability for acts done in his judicial capacity so long as he acts honestly and in good faith, we have read this record and it has convinced us that the questions, whether this justice of the peace acted in good faith and in an honest endeavor to enforce the law as he understood it, or whether he acted in bad faith with knowledge of his error and for the purpose of oppressing Williams, were for the jury. The first assignment is overruled.

The third and fourth assignments of error complain of the admission in evidence of and the court's charge in respect to the record in Com. v. Martin Yerkes and Rolland P. Respes, in which it appears that this defendant was convicted of the crime of conspiracy to extort money from a corporation. The evidence was admitted after defendant had testified and was clearly competent (Com. v. John Doe, 79 Pa. Superior Ct. 162; Com. v. Vis, 81 Pa. Superior Ct. 384) as affecting his credibility, to which purpose the learned trial

judge carefully limited it. These assignments are overruled.

By the fifth and seventh assignments complaint is made of the refusal of defendant's fifth point for charge. The point was as follows: "5th. The right of a defendant to waive a hearing in a summary conviction is a mooted question and, if the defendant, D. Martin Yerkes, believed that the defendant did not have a right to waive a hearing, this would not be an indictable offense." The court affirmed the proposition that the offense would not be indictable if defendant believed Williams did not have a right to waive a hearing. But he declined to instruct the jury that there is a mooted or controverted question respecting the right of one who is charged under the motor vehicle laws, as was Williams, to waive a summary hearing before the justice. There is no merit in these assignments and they are overruled.

The eighth assignment complains of the refusal of four points, the effect of which was a request that the court instruct the jury that a defendant charged with the violation of the Motor Vehicle Act of June 30, 1919, P. L. 678, as amended by the Act of June 14, 1923, section 22, at page 748e, does not have the right to waive a hearing because the waiving of a summary hearing as prescribed in the Act of 1923 contravenes article V, section 14, of our Constitution, which provides: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown." By the Motor Vehicle Act of 1919, and its amendments of 1921, P. L. 582, and 1923, P. L. 718, the legislature did not undertake to grant to a party convicted in a summary proceeding before a court not of record the right to appeal in any other manner than that prescribed by

article V, section 14, of the Constitution. It provided specifically "that any person so convicted shall have the right of appeal as in other cases of summary conviction." But it created certain new offenses and gave to those charged therewith in a court not of record the right to be tried before a judge learned in the law in a court of record, and imposed upon mayors, burgesses, magistrates, aldermen, and justices of the peace the duty of permitting one charged with one of such offenses before them to waive a summary hearing upon conditions prescribed. Article V, section 14, of the Constitution, merely secures the right of appeal to a court of record against infringement by future legislation, in a summary proceeding or suit for a penalty which has been heard and disposed of in a court not of record. The language of the section cannot be contorted into an inhibition against the legislature's creating new offenses and making them triable in the first instance before a judge of a court of record if the accused demands that right in the method prescribed by statute. We fail to see any merit in this assignment and it is not sustained.

The overruling of defendant's motion for a new trial is the subject of the second assignment. We have considered fully the reasons set up in that motion and have failed to discover any abuse of discretion in overruling it. One of the complaints made therein was that the court erred in admitting in evidence the record in the mandamus proceeding to which reference has been made. The purpose of the offer was to establish that defendant's conduct was deliberate and with a purpose to oppress Williams, by proof of his knowledge that in a situation legally identical with that before him when Williams demanded the right to waive a summary hearing, the court of common pleas of the county peremptorily ordered him to accept bond and permit the waiver of the hearing and directed that he should not proceed with the hearing. By the Act of June 8, 1893,

P. L. 346, the court of common pleas of the county had the power to issue a peremptory writ of mandamus to the defendant justice of the peace, because the right to require the performance of the act was clear and it was apparent that no valid excuse could be given for not performing it. The record shows the issuance of the writ in that form to compel defendant to permit the accused to waive a summary hearing in accordance with the provisions of the Motor Vehicle Act of 1921, which in no material respect differs from the Act of 1923 in its provisions relating to the waiver of a hearing in a court not of record. The record was relevant and competent for the purpose for which it was offered. The only other complaint in the motion for a new trial, to which we deem it necessary to advert, is the submission to the jury of the indictments charging extortion and the levying of blackmail. We are not satisfied that the evidence was sufficient to warrant a conviction on those bills, but we are of opinion that the submission of them did the defendant no harm and that, therefore, it was not an abuse of discretion to refuse to grant a new trial on that ground. As already observed, defendant was not sentenced on those indictments, but they were disregarded and sentence was imposed on one bill charging a malfeasance and misdemeanor in office. The second assignment is overruled.

The sixth assignment is to the sentence. As the record fails to disclose any reversible error and the sentence was proper under the bill upon which it was imposed, this assignment is overruled.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

Judges HENDERSON and KELLER, dissent.

DISSENTING OPINION BY KELLER, J.:

The opinion of the court admits that the testimony on the trial of the appellant was insufficient to sustain a conviction on the indictments charging extortion and the levying of blackmail. I am unable to agree that the refusal to withdraw these charges from the consideration of the jury did not prejudice the defendant. He was convicted on all the indictments and it is not easy to measure the cumulative effect of the evidence with respect to those charges upon the remaining bills of indictment. If there is any doubt as to whether their submission to the jury prejudiced or injured the defendant in any way, he is entitled to the benefit of the doubt.

With these indictments eliminated, the only charge remaining against the defendant was malfeasance or misdemeanor in office, consisting in his refusal to permit the prosecutor, Williams, to waive a summary hearing under the provisions of section 33 of the Act of June 30, 1919, P. L. 678, as amended by the Act of May 16, 1921, P. L. 582, and give bond for his appearance before a judge of the court of quarter sessions; and in his proceeding to hear and to adjudge the case.

The constitutionality of that portion of section 33 of the Motor Vehicle Act above mentioned, which authorizes a defendant to waive a summary hearing before a justice of the peace and give bail for trial before a judge of the court of quarter sessions, is not, in my mind, so clear as to justify its being waived aside in the casual manner adopted by the court below. It seems to me that section 14 of article V of the Constitution clearly shows the intention of its framers that minor offenses not amounting to misdemeanor should be summarily heard before a justice of the peace or other court not of record, with a right of appeal to a court of record; but only upon special allowance of that court. The provision of the Motor Vehicle Act under consideration makes it optional with the defendant

whether the summary hearing should be held before the justice of the peace or before a judge of the court of quarter sessions. The Constitution secures a right of appeal from a summary conviction, upon allowance by the appellate court, and it has always been held that on such appeal the case is heard de novo on the evidence submitted before the court to which the appeal is taken. Just how such an appeal can be taken from a judge of the court of quarter sessions is not apparent to me. The act creating the Superior Court provides that all appeals from the court of quarter sessions shall be taken to this court, but no provision is made for the hearing of testimony in this court, and such has never been its practice. The clause of the Motor Vehicle Act in question runs counter to the constitutional provision that summary hearings are to be held before a magistrate or court not of record, with appeal, on allowance, to a court of record.

The second, fifth and seventh assignments of error should certainly be sustained, requiring a new trial; and, in addition, I think the provision of the Motor Vehicle Act above referred to is unconstitutional and, if so, the defendant was guilty of no malfeasance whatever and should have been discharged.

Judge HENDERSON joins in this dissent.