# Commonwealth of Pennsylvania *v.* Anthony, alias Rogers, Appellant.

*Criminal law—Larceny—Recall of jury after retirement—Inquiry by trial court as to ratio of division in jury—Reversible error.*

In the trial of an indictment for larceny, it is error for the trial Court to recall the jury after its retirement, and to inquire how the jury is divided, even though the scope of the question is confined to the proportions of the division, without reference to how the jury stands with respect to conviction or acquittal.

Such procedure serves no useful purpose that cannot be attained by questions not requiring the jury to reveal the nature or extent of its division. Its effect upon a divided jury will often depend upon circumstances which cannot properly be known to the trial judge or to the appellate courts and may vary widely in different situations, but in general its tendency is coercive. It can rarely be resorted to without bringing to bear in some degree, serious although not measurable, an improper influence upon the jury, from whose deliberations every consideration other than that of

the evidence and the law as expounded in a proper charge should be excluded. Such a practice, which is never useful and is generally harmful, is not to be sanctioned.

*Criminal law—Larceny—Alibi—Evidence—Admissibility—Attack upon defendant's credibility and character—When and how made—Act of March 15, 1911, P. L. 20.*

The defendant's credibility can be attacked, if he takes the witness stand in his own behalf, by offering the record, or an exemplified copy, of his previous conviction of felony or other crime affecting his credit as a witness. But his character cannot be attacked unless (1) he or his attorney have asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or (2) he has given evidence tending to prove his own good character or reputation, or (3) he has testified at such trial against a co-defendant, charged with the same offence.

Where in the trial of an indictment for larceny the defense is an alibi, a former statement alleged to have been made by defendant as to his whereabouts the night of the robbery is proper evidence for rebuttal, but evidence disproving the truth of such former statement tends to confuse the issue and is not admissible.

Argued October 31, 1927. Appeal No. 34, February T., 1928, by defendant from judgment of Q. S. Wayne County, June Sessions, 1927, No. 6, in the case of Commonwealth of Pennsylvania v. John Anthony, alias Joe Rogers. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for larceny. Before SEARLE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty from which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, were to various rulings on evidence and the charge of the Court.

*Rowland C. Evans, Jr.,* for appellant.

*Chester A. Garratt,* District Attorney, for appellee.

OPINION BY KELLER, J., November 21, 1927:

Appellant was convicted of the larceny of some cop-

per wire belonging to an electric power company in the borough of Hawley.

We are obliged to sustain the fourteenth assignment of error which concerns proceedings had upon the recall of the jury after its retirement.

The case went to the jury shortly after nine o'clock in the morning. At two o'clock in the afternoon, without any request from them for further instructions, or any suggestion that they were unable to agree, the trial judge recalled them into the court room and said, "I want to ask you how you stand—not whether you stand for plaintiff or defendant, but just what ratio you stand." The foreman replied, "Ten to two." The judge then said: "Reconcile your differences if possible. Somebody has to decide this case and it might as well be this jury as another. Don't be stubborn but listen to arguments and reason."

The Supreme Court of the United States condemned this practice in Burton v. United States, 196 U. S. 283, 307, and in Brasfield et al. v. United States, 272 U. S. 448, where the circumstances were very similar to those in this case, held that it required a reversal of the judgment, saying: "We deem it essential to the fair and impartial conduct of the trial that the inquiry itself, [that is, as to how the jury stood], should be regarded as ground for reversal. Such procedure serves no useful purpose that cannot be attained by questions not requiring the jury to reveal the nature or extent of its division. Its effect upon a divided jury will often depend upon circumstances which cannot properly be known to the trial judge or to the appellate courts and may vary widely in different situations, but in general its tendency is coercive. It can rarely be resorted to without bringing to bear in some degree, serious although not measurable, an improper influence upon the jury, from whose deliberations every consideration other than that of the evidence and the law as ex-

pounded in a proper charge should be excluded. Such a practice, which is never useful and is generally harmful, is not to be sanctioned.''

We think this fairly presents the danger inherent in the course pursued by the trial judge. If, as asserted by the district attorney, the practice has become frequent, it is time it was stopped.

We are not satisfied that any of the other assignments, of themselves, require a reversal of the judgment, but deem it wise to refer to several of them briefly, in order that on the retrial of the case there may be no occasion for exception. A defendant may not be asked on cross-examination whether he has been arrested before or convicted before. It is forbidden by statute: Act of March 15, 1911, P. L. 20. What cannot be done directly should not be done by indirection. Hence where the defendant had not testified on the subject in chief, he should not have been asked by the district attorney whether he had stated on direct examination that he had never been arrested before. Nor should the Supervisor of Police of the electric power company, testifying for the Commonwealth, have referred to the defendant's ''police record.'' He could tell whether the defendant's name was Anthony or Rogers without making a statement tending to show his bad character. The defendant's credibility can be attacked, if he takes the witness stand in his own behalf, by offering the record, or an exemplified copy, of his previous conviction of felony or other crime affecting his credit as a witness: Com. v. Doe, 79 Pa. Superior Ct. 162; but his character cannot be attacked unless (1) he or his attorney have asked questions of the witness for the prosecution with a view to establish his own [i. e. the defendant's] good reputation or character, or (2) he has given evidence tending to prove his own good character or reputation, or (3) he has testified at such trial against a co-defendant, charged

with the same offense: Act of March 15, 1911, supra.

The defense was an alibi; that defendant was not in Hawley the night the wire was stolen; but bought the wire that afternoon from Peter Sam, a junk dealer in Mount Carmel, and moved it by truck to Wilkes-Barre, where he spent the night at his mother's home. In rebuttal, witnesses for the Commonwealth testified that his original story had been that he had gotten a truck load of apples from the Pennsylvania Railroad freight station at Wilkes-Barre on the day of the robbery and had peddled these apples that day from Shickshinny to Mount Carmel. As the defendant on cross-examination had denied making any such statement, it was proper to admit this evidence in rebuttal; but it was not rebuttal to go further and prove that no apples had been received in the Wilkes-Barre freight yard that day. The truth or falsity of his former statement, if he made it, was not in issue. The fact that he had made such statement was admissible to discredit his present story as to his whereabouts the night of the robbery; but to introduce into evidence testimony disproving the truth of his alleged prior statement, which at the trial he denied having made, tended to confuse the issue.

These observations apply to the second, third, fifth, sixth and seventh assignments. The remainder are without merit.

The fourteenth assignment of error is sustained. The judgment is reversed and a new trial awarded.