## Commonwealth v. Walter

*Louis A. Bloom,* assistant district attorney, for Commonwealth.

*Solomon L. Hagy,* for defendant.

MACDADE, J., July 12, 1940.—This matter (summary conviction proceeding) came on for a hearing on June 21, 1940, at which defendant moved in writing that the same should be quashed and also for judgment for defendant and assigned the following reasons therefor, which must be sustained, as follows:

"1. The record is defective in that it shows that the justice of the peace, contrary to the provisions of The Vehicle Code, issued a summons instead of a notice to appear as provided in the said code.

"2. The record is defective in that the transcript shows that the "summons" to appear issued by the justice of the

peace summoned defendant to appear on March 8, 1940, which is contrary to the provisions of The Vehicle Code, sec. 1202, par. 1, 75 PS §732.

"3. The record is defective in that it does not show that the justice of the peace sent to defendant a notice to appear within ten days after the information, together with a copy of the information as required by the provisions of The Vehicle Code, sec. 1202, par. 1, 75 PS §732."

An examination of the record of the justice of the peace shows that "on the 29th day of February, A. D. 1940, and within the past two years in the Township of Concord, County of Delaware, Commonwealth of Pennsylvania" defendant, Ralph H. Walter, "did unlawfully operate a Lincoln motor vehicle bearing Penna. reg. 64424 on a public highway within the above-named township on or about 3:10 p.m., did then and there operate said motor vehicle equipped with pneumatic tires at a rate of speed of 74 miles per hour in violation of subsection B, sec. 1002, art. X, Act 403, P. L. 1929, as further amended. The rate of speed of this motor vehicle timed for a distance of not less than ¼ of a mile. Car engine no. 185120522 Penna. 8 H. P. 60 used for timing, contrary to the form of the act of assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The information was sworn by Private J. W. Davoney, evidently a member of the State Motor Police, on March 2, 1940; after which the justice of the peace did, on March 8, 1940, issue a summons (not notice), whereupon defendant waived a hearing on said date. Thus when the matter was presented to us we found the record as stated above and this motion to quash the proceedings. We must quash the proceedings.

### Discussion

The above defendant was charged before a justice of the peace with violation of The Vehicle Code of May 1, 1929, P. L. 905. Defendant waived a hearing and gave

bail to appear before this court for trial. The case being called for trial, defendant's counsel moved that defendant be discharged without the taking of testimony on the ground that his arrest was illegal and that the hearing before the justice was waived under duress of the said arrest. Briefly, the facts are as follows: What purported to be an information against defendant was lodged before a justice of the peace on March 2, 1940, charging him with the above offense alleged to have been committed on February 29, 1940.

No notice to appear within 10 days was given but in lieu thereof defendant was summoned for a hearing on March 8, 1940, which he waived. Of course the proceeding is irregular.

It is the contention of defendant that the warrant was illegally issued and that the arrest thereunder was illegal, inasmuch as the proceedings before the issuing of the warrant were not in accord with section 1202 of The Vehicle Code, supra. The pertinent portions of the act in question are as follows:

". . . the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer . . .".

The above-quoted portion of the act has seldom been construed. In the case of Commonwealth v. Davis, September term, 1938, Court of Quarter Sessions of Chester County, Pa., an opinion was filed by Judge Ernest Harvey, passing upon this identical question. That court held that a notice similar to the one in this case, where defendant was notified to appear on a day certain, being within 10 days of the date of the notice, was not in com-

pliance with the requirements of the act; that the defect was jurisdictional; that a warrant issued upon defendant's failure to appear was illegal, and that defendant's waiving a hearing and giving a bond for his appearance at court was not a waiver of the defects in the proceedings before the justice of the peace. We are entirely in accord with the reasoning and conclusions of that learned court.

It is the contention of the Commonwealth that, under the provisions of the act above quoted, the justice of the peace has the power to fix a date for defendant's voluntary appearance at any time within the 10 days. In our opinion there is nothing in the act justifying this construction. The language of the act appears to be clear that defendant is given a full 10 days within which to appear voluntarily, and that no warrant can be issued for his arrest until after the 10 days have fully elapsed without his appearing. If there were any doubt in the first clause relating to the notice to appear within 10 days, that doubt is certainly removed by the following sentence, to the effect that if he shall not appear within 10 days of the date of the notice, "the warrant shall then issue." That phrase is clearly equivalent to saying that no warrant shall issue unless defendant fails to appear for 10 full days after the date of the notice. He had a right, if he chose, to appear on the tenth day. Were it otherwise, the justice of the peace might arbitrarily fix the first day after the date of the notice for defendant's appearance which would be just as much "within ten days" as five or eight days would be. In other words, that construction would enable the justice of the peace, at his pleasure, to nullify the privilege and benefit granted a defendant by the act. There is certainly nothing in the act to justify the conclusion that the legislature contemplated the placing of such an absolute and arbitrary power in the hands of the justice of the peace. The notice in this case does not even permit defendant to appear before or after the eighth day arbitrarily selected by the justice.

It appears to us to be clear that it was the intention of the legislature to relieve or protect defendants from the ignominy, embarrassment, and expense of an arrest for a comparatively trifling offense without first affording him ample time and opportunity to appear voluntarily for a hearing or to give bail. The provision is entirely reasonable and just, and if the act were properly drawn it need not cause any great inconvenience to the legal authorities. It is true that the act is vague as to what the proceedings shall be if defendant voluntarily, and perhaps unexpectedly, appears within the 10 days. However, this defect does not change the manifest intention of the act in allowing the 10 days for his appearance. See Commonwealth v. Karas, 37 D. & C. 685; subsection (b), sec. 1002, of The Vehicle Code, as amended by the Acts of June 22, 1931, P. L. 751, sec. 2, July 16, 1935, P. L. 1056, sec. 29, and June 5, 1937, P. L. 1718, sec. 2, 75 PS §501.

Defendant was in his right to waive a summary hearing and give bail for appearance for trial, as this accorded with the provisions of paragraph (b), sec. 1204, of the code, as amended, 75 PS §734.

The code does not provide for nor contemplate the issuing of a summons, as herein, where a statute gives authority to justices of the peace to take cognizance by summary conviction of a criminal offense, without prescribing a method or form for the prosecution, either summons in debt, in the name of the Commonwealth, for such use as the statute may direct, for the penalty, or a warrant of arrest may be issued, at the discretion of the justice. But where a specific mode of prosecution is provided by that statute, the method provided only may be followed: Commonwealth v. Davenger, 10 Phila. 478.

It may be stated also that the code does not provide for nor contemplate a hearing necessarily to be held on the date defendant may voluntarily appear. Upon the voluntary appearance of defendant, within 10 days of the date of lawful notice, the magistrate may then proceed as

authorized by law upon an arrest of defendant on warrant.

Was this failure to send the required notice fatal to the jurisdiction of the magistrate?

Section 1202 of The Vehicle Code further provides: "1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served . . .".

We are of opinion that, while the magistrate's jurisdiction of the subject matter attaches upon the filing of the information, his jurisdiction of the person of defendant is acquired only by the voluntary appearance of defendant or by defendant's arrest on warrant. Here, defendant did not voluntarily appear and if the justice of the peace acquired jurisdiction of the person of defendant it must be predicated upon the warrant. If there was no authority for the issuing of the warrant, the justice of the peace acquired no jurisdiction of the person. The only authority for the issuing of a warrant exists "if the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice." Inasmuch as there was no written notice, as required, the warrant was without authority and the justice of the peace acquired no jurisdiction over the person of defendant. The following statement in regard to the absolute want of jurisdiction of the tribunal involved, it seems to us, is appropriate here:

"Jurisdiction in courts is the power and authority to declare the law. The very word in its origin imports as much. It is derived from *juris* and *dico;* I speak by the law. And that sentence ought to be inscribed in living light on every tribunal of criminal power. It is the right of administering justice through the laws, by the means which the law has provided for that purpose. But here the mode and the manner of administering the justice of the country was not provided or prescribed by the law,

and is directly prohibited by it. There was therefore no jurisdiction": Mills v. Commonwealth, 13 Pa. 627, 630.

We conclude that the justice of the peace acquired no jurisdiction of the person of defendant.

Defendant is before us on his waiver of summary hearing by the justice of the peace and we have no jurisdiction to try him if the justice of the peace has no jurisdiction of his person, unless his waiver of summary hearing is a waiver of the want of that jurisdiction, or he has placed himself in a position precluding him from raising that question here.

The Commonwealth contends that, by his waiver of summary hearing by the magistrate, he may not here raise the question.

Want of jurisdiction of the person may be expressly waived in the criminal law by voluntary appearance, or may be inferentially waived by action of defendant which implies acquiescence in the exercise of that jurisdiction.

Defendant here did not voluntarily appear. Having been arrested, he was taken before a justice of the peace within the township where he was found and he then had the alternative rights provided by section 1204 of the code.

That section, by paragraph (a), gives to the person convicted upon summary hearing "the right of appeal as in other cases of summary conviction"; that is to say, upon special allowance. In such event, the case comes before us by our appellate jurisdiction, and defendant, having voluntarily come into this court by the presentation of a petition for allowance of the appeal, is not in position to raise any question touching the legality of the arrest: York City v. Hatterer, 48 Pa. Superior Ct. 216, decided in 1911. As we read that case, with Commonwealth v. Gates, 98 Pa. Superior Ct. 591, and Commonwealth v. Hunter, 107 Pa. Superior Ct. 513, it would seem that the relief of certiorari or habeas corpus may not be afforded through the medium of an appeal.

But, in addition to the remedy of paragraph (*a*), the legislature provided by paragraph (*b*) (in 1913) the right to waive summary hearing by the magistrate "for appearance for trial before a judge of the Court of Quarter Sessions, . . . or in the municipal court, in counties wherein such court exists." We think it plain that the legislature thereby intended "to give the defendant the election of his trier": Commonwealth v. Milliren, 10 D. & C. 393; the election of a summary hearing by the magistrate or by a judge learned in the law. It was said in Commonwealth v. Yerkes, 86 Pa. Superior Ct. 5, 12, that the provision made the offense "triable in the first instance before a judge of a court of record if the accused demands that right in the method prescribed by statute". Therefore, where defendant elects that remedy, it is as though the legislature had invested the judge of this court with exclusive jurisdiction to try defendant and render judgment. In such event, the case reaches this tribunal, not after defendant's waiver of the want of jurisdiction of his person, as on appeal for a new trial before another court, where the correctness of a conviction by the magistrate is to be reviewed, but for trial by a tribunal of original jurisdiction of the subject matter.

It follows that, by electing to waive a summary hearing by the justice of the peace "for trial" before a judge of this court, defendant did not impliedly waive his right to defend on the ground of want of jurisdiction of his person, nor has he placed himself in a position precluding that defense before this tribunal.

At the hearing on June 21, 1940, we misapprehended the issue, for on that date we made the following order: "6-21-40. Motion to quash proceedings denied. Hearing of trial. Motion for judgment for defendant. After hearing, defendant adjudged guilty. Sentence to pay a fine of $10 and costs or 5 days in county jail."

After further consideration we now make the following order: And, now, July 12, 1940, for the reasons above stated, the said order of June 21, 1940, is amended and

modified so as to read as follows: June 21, 1940. Motion for judgment in favor of defendant and for dismissal of the proceedings is hereby allowed, and judgment be and is hereby entered for defendant.