## Commonwealth v. Cully

*Martin B. Ebbert,* for Commonwealth.
*Charles H. Still,* for defendant.

ANDERSON, J., January 28, 1944.—Testimony in this proceeding was taken on Saturday morning of the week of quarter sessions court in January, which is the usual time for hearing appeals from summary convictions and other summary conviction cases otherwise properly before the court for disposition. This particular case was inadvertently treated as an appeal from the conviction by an aldermanic court, in fact the official notes of testimony carry the heading "appeal", and the jurisdiction of the court to hear the proceeding was apparently assumed by counsel for the parties involved, for that question was not raised at all by counsel. Upon investigating the preliminary proceedings, however, the court finds that this is not an appeal and that there was no hearing whatever held by the magistrate, who permitted defendant to waive the hearing and enter bail for his appearance in court. There is no authority whatever for such proceeding. The Fish Law of May 2, 1925, P. L. 448, sec. 278, provides:

"If convicted such person shall be sentenced to pay the fine provided in this act for such violation, together with the costs of suit. The person so convicted shall on failure to pay such fine be sentenced by such alderman, magistrate, or justice of the peace, to undergo imprisonment in the county jail of the county in which such conviction takes place for a period of one day for each dollar of fine so imposed, unless specifically otherwise provided by this act, or unless the person so convicted shall give notice of an intention to procure a writ of *certiorari* or appeal, in which case such person shall be permitted to enter into good and sufficient recognizance to appear before such justice, alderman, or magistrate on or before the expiration of five days, if such appeal or *certiorari* is not taken by them, or on the final determination of the same if it be not sustained, for execution of sentence." (Italics supplied.)

It is apparent, therefore, that there are but two ways in which a defendant who has been charged with violating the fish laws in a summary conviction proceeding can get his case before a court of record. (1) He may by a writ of certiorari bring the record of the magistrate up for review to the common pleas court. Then from an inspection of the record the regularity of the proceedings is passed upon, and if the record is technically correct the conviction is sustained: Commonwealth v. Congdon, 74 Pa. Superior Ct. 286. (2) He may appeal, when specially allowed upon cause shown by a judge thereof, to the quarter sessions court. Both these rights are provided by our State Constitution, article V, secs. 10 and 14, but there is no authority in the Constitution or any statute which gives the defendant the right to waive a hearing entirely in the magistrate's court and give bail for his appearance in quarter sessions court. In fact, there was considerable doubt that the legislature itself could give such authority by statute, which it endeavored to do under The Vehicle Code. This question was, however, de-

cided in the affirmative by the Supreme Court in the case of Commonwealth v. Yerkes, 285 Pa. 39, affirming 86 Pa. Superior Ct. 5. The Fish Law of 1925, as amended, however, contains no such provision and consequently the procedure of the alderman in allowing the hearing to be waived was irregular and improper. See also opinion of Attorney General in Summary Conviction Under Fish Law, 23 D. & C. 679.

Since there is obviously nothing before the court to be decided, this proceeding in the quarter sessions court is herewith dismissed this 28th day of January 1944.