## Commonwealth v. Mendicino

*Clark H. Painter,* for Commonwealth.

*Charles N. Caputo* and *Michael M. Mammula,* for defendant.

SHUMAKER, P. J., July 16, 1954.—This matter is before the court on motions in arrest of judgment and for new trial filed in behalf of defendant, who on September 16, 1952, was convicted by a jury in Butler County on a charge of "being a common gambler."

The case was tried before the Hon. William B. Purvis, then president judge of this court, and arose out of the following facts:

On June 14, 1952, the county detective of Butler County together with police officers conducted a raid on a pool or billiards room located at 348 South Main Street, Butler, Pa., and known as Butler Billiards, where they found a game of chance in progress known as a crap game.

When the officers entered the establishment, they found a group of men gathered around a pool table and arrested 21 persons, including defendant, and charged them with gaming and disorderly conduct. Subsequently the charge of being a common gambler was filed against defendant.

Defendant was not actually seen by the officers gambling at the time of the arrest made.

Counsel for defendant has raised four questions concerning the trial of the case by their motions now before the court:

1. Did the court err in allowing into evidence testimony of the prosecutor relative to the reputation of defendant?

2. Did the court err in allowing into evidence defendant's alleged admission of unemployment and non-residence?

3. Is the verdict contrary to the law?

4. Did the court err in failing to sustain defendant's motion for a directed verdict of acquittal?

The act of assembly under which the indictment in this case was laid is the Act of June 24, 1939, P. L. 872, sec. 603, which provided as follows:

"Whoever maintains any gambling device or apparatus, to win or gain money or other property of value, or aids, assists, or permits others to do the same, or engages in gambling for a livelihood, or is without any fixed residence and in the habit or practice of gambling, is a common gambler."

We consider now the first question raised, namely: Did the court err in allowing into evidence testimony

of the prosecutor relative to the reputation of defendant?

The county detective, prosecutor in the case, testified as to the reputation of defendant as a known gambler. The detective stated that he had known defendant for approximately four years. The court sustained an objection to the detective naming the persons with whom defendant associates, but directed the district attorney to ask the officer if he knows the reputation of this defendant, to which the officer replied: ". . . known gambler, habits the gambling places."

The well-settled and recognized rule in Pennsylvania is that the reputation of a defendant is never in issue and cannot be assailed or attacked by the Commonwealth unless and until defendant himself places his reputation in issue by offering evidence of his good reputation.

As well stated by Brown on Pennsylvania Evidence, page 102, sec. 4:

"The Commonwealth cannot attack the character of the accused unless he has attempted to establish his good character or testified against a co-defendant charged with the same offense. (Commonwealth vs. Anthony, 91 Pa. Superior Ct. 518.)"

The problem now before the court is: Does the offense of "being a common gambler" create or constitute an exception to this rule of evidence? Strange as it may seem, exhaustive research by the court on this problem reveals no appellate court decisions on this matter which would determine the ruling of this court on this question or be helpful in the writing of this opinion.

The only case in point found or called to the attention of the court by the attorneys involved in the case, is the case of Commonwealth v. Tingle, 81 D. & C. 509, which was decided by learned President Judge Knight of the Montgomery County court on February 6, 1952,

in which case a defendant was charged with being a common gambler and the Commonwealth called five police officers who testified "defendant consorted with known gamblers and number writers, and that he had the reputation of being a number writer."

Judge Knight, in the above-cited case, ruled "that the Trial Judge erred in admitting evidence that he consorted with known number writers and that he himself had the reputation of being a number writer."

Quoting further from this opinion:

"We know of no Statute in Pennsylvania which permits evidence of reputation to be admittted to prove the charge of being a common gambler. The charge against the defendant is that he is a common gambler, not that he has the reputation of being one."

And quoting further:

"It is also true that a place or house was maintained or kept as a public gaming house may be shown by proof of its general reputation in the community. Commonwealth v. Ciccone, 85 Pa. Superior Ct. 316, but we can find no authority for extending the doctrine of this case to a person charged with being a common gambler. There is nothing in the case of Commonwealth v. Manuszak et al., 155 Pa. Superior Ct. 309, which supports the contention that reputation evidence is admissible in a case such as this."

This court must decide this case strictly on the law as we see it, and not upon the feeling which may exist in the community concerning this case and defendant. We therefore are compelled to concur in the opinion of Judge Knight of Montgomery County on this point of law raised and rule that reputation of defendant on a charge of being a common gambler is not an exception to the rule above stated, and that the trial judge erred in admitting such evidence at the trial of the case over the objection of counsel for defendant, and that therefore a new trial should be granted.

We conclude further that the case was properly submitted to the jury by the trial judge and that the verdict was not against the weight of the evidence. We therefore deem it unnecessary to extend this opinion by discussion of the other questions raised.

*Order of Court*

And now, July 16, 1954, for reasons set forth in the foregoing opinion, the motion in arrest of judgment is refused, and the motion for new trial is granted.